**Daisy Mae MITCHELL, Appellant,**

v.

**ARMSTRONG CAPITAL CORPORATION, Appellee.**

**No. 01–94–01271–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 26, 1995.

Rehearing Overruled Nov. 30, 1995.

Carnegie H. Mims, Jr., Houston, for Appellant.

Eric Lipper, Houston, Jeffrey J. Brookner, Houston, for Appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and WILSON, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a judgment in a forcible detainer action. Because there was an unresolved title dispute, involving the same parties and same property, pending in the District Court at the time of this forcible detainer action, we hold that jurisdiction over this action was defeated. Accordingly, we reverse and render.

The following facts are uncontroverted. On November 7, 1986, appellant, Daisy Mae Mitchell, executed a "Builder's and Mechanic's Lien Contract" covering her property at 7015 Castleview, Missouri City, Texas, to secure payment of a $34,378.80 promissory note for repairs and improvements on her property by All American Builders. The note and contract were assigned and transferred to Armstrong Capital Corporation on April 11, 1990, and the assignment document was properly recorded in Fort Bend County, Texas. Appellant defaulted on the note and Armstrong Capital requested that the substitute trustee enforce the provisions of the lien contract and sell the real property. Armstrong Capital purchased the property at the substitute trustee's sale held on January 7, 1992 for $27,456.10.

In a letter dated February 17, 1993, Armstrong Capital notified Mitchell that it purchased the property and demanded that she vacate the premises within three days of receipt of the notice. On March 12, 1993, Armstrong Capital filed a petition for forcible detainer in the Justice Court of Fort Bend County, Texas. The petition asserts that: a "Builder's and Mechanic's Lien Contract" on the property was executed to secure the note for improvements on the property; the note and lien were transferred and assigned to Armstrong Capital Corporation and properly recorded; Mitchell defaulted on payment of the note secured by the premises; after proper notice and failure to cure, Armstrong Capital Corporation purchased the property at a substitute trustee's sale; and, Armstrong Capital Corporation demanded that Mitchell vacate the premises, and she refused to do so.

In response, Mitchell's "Original Answer and Plea in Abatement" alleges in part, as follows:

D. As their fourth affirmative defense, Defendants affirmatively plead the defenses of breach of contract and lack of consideration. Plaintiff's assignor promised to make improvements to Defendants' home in a good and workmanlike manner, and did not do so. In fact, the contractor caused more damage than improvements. That is why Defendants did not pay Plaintiff's assignor any money. Plaintiff's assignor did not perform the services or provide the goods it promised to do. Therefore, Defendants are not obligated to Plaintiff, for any amount.

E. Fifth, and finally, Defendants plead the affirmative defense of lack of jurisdiction. Defendants respectfully suggest that this Court does not have jurisdiction to hear this case, because this case concerns title to the property, as opposed to the right of possession. This court has jurisdiction to determine the right of possession, but not who has title to the property. Plaintiff's sole claim to right of possession is based on a foreclosure sale of Defendants' property, under the so-called Mechanic's and Materialmen's Lien. However, Defendants have filed suit against the Plaintiff in this action, to set aside that foreclosure sale, in the 268th District Court, in Fort Bend County, Texas, in Cause No. 76,500. That case is still pending. Until and unless that suit is settled or resolved, this Court does not have jurisdiction to hear this matter. *See American Spiritualist Association v. Ravkind,* 313 S.W.2d 121 (Tex.Civ.App.—Dallas 1958, writ ref'd n.r.e.); *Rodriguez v. Sullivan,* 484 S.W.2d 592 (Tex.Civ.App.—El Paso, no writ); and *Dent v. Pines,* 394 S.W.2d 266 (Tex.Civ.App.—Houston 1965, no writ).

## III.

## PLEA IN ABATEMENT

A. Without waiving their defenses, including their affirmative defenses, but still insisting on same, Defendants respectfully

request this Court to abate the trial of this cause, until:

B. The validity of Plaintiff's lien on Defendants' homestead is established, in the suit Defendants filed in the 268th District Court of Fort Bend County, Texas, in Cause No. 76,500, against Plaintiff, which was filed to determine that issue. That is, since Plaintiff's right to possession depends on the validity of Plaintiff's lien, that suit should be resolved, before this suit is heard.

The justice court granted Armstrong Capital a writ of possession against Mitchell. She appealed to the County Court at Law. The County Court at Law likewise ruled in favor of Armstrong Capital, ordering Mitchell to vacate her homestead. Mitchell appeals from that judgment.

 In her first point of error, Mitchell asserts that the county court at law erred in rendering judgment for Armstrong Capital because the court did not have subject matter jurisdiction over the case. We agree.

Justice of the peace courts and, on appeal, county courts, have jurisdiction of forcible detainer suits. Tex.Prop.Code Ann. § 24.004 (Vernon Supp.1995); *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). The only issue in a forcible detainer suit is the right to actual possession; the merits of the title shall not be adjudicated. Tex. R.Civ.P. 746; *Gentry v. Marburger*, 596 S.W.2d 201, 203 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Haith*, 596 S.W.2d at 196. If it becomes apparent that a genuine issue regarding title exists in a forcible detainer suit, the court does not have jurisdiction over the matter. *See Haith*, 596 S.W.2d at 197; see also *American Spiritualist Assn. v. Ravkind*, 313 S.W.2d 121, 124 (Tex.Civ.App.—Dallas 1958, writ ref'd n.r.e.).

Appellant Mitchell raised title as an issue in the justice court and county court at law by asserting that the Substitute Trustee's Deed held by Armstrong Capital was void, and by specifically giving notice that litiga-

tion was pending in the 268th District Court to set aside the non-judicial foreclosure sale.[1] Because a "title issue" was involved in the courts below, they had no subject matter jurisdiction over the case. Accordingly, we sustain point of error one.

In light of our ruling on point of error one, it is unnecessary for us to address the merits of the remaining points of error, and we decline to do so.

We reverse and render a take nothing judgment, dissolving any writ of possession that may have issued.

---

1. Mitchell argues that nonjudicial foreclosure is an improper means of foreclosing on a mechanic's and materialmen's lien, citing Tex.Prop.Code Ann. § 53.154 (Vernon 1995). We do not reach the merits of this argument in this appeal.