Opinion issued July 3, 2002








 

 

In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00006-CV






CARLA Y. SCOTT, Appellant


V.


CHASE MANHATTAN BANK, Appellee






On Appeal from the County Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 751,104







O P I N I O N


 Appellant, Carla Y. Scott, challenges judgment rendered in favor of appellee,
Chase Manhattan Bank (Chase), in a forcible detainer action. In her sole point of
error, Scott contends Chase failed to provide her with adequate notice prior to filing
the foreclosure action. We affirm. 

Facts

 On February 24, 1998, Scott executed a deed of trust for property located at
3614 Yorkingham Drive in Houston, Texas, to secure a loan in the amount of
$45,347.00. The original beneficiary of the deed of trust was Summit Mortage
Corporation, which assigned it to Chase on May 1, 1999. Scott defaulted on the loan,
and notice of default was sent on September 3, 1999. 

 On October 13, 2000, Scott was served with a notice of acceleration and
foreclosure sale. On November 7, 2000, the property was sold to Chase, and, on
January 30, 2001, Chase served Scott with a notice to vacate. On February 16, 2001,
Chase filed its original petition for forcible detainer in the Justice of the Peace Court
Precinct Number 4, Position Number 1 of Harris County. Judgment was rendered in
favor of Chase, and Scott appealed to the County Court at Law Number 1. The
county court rendered judgment in favor of Chase as well.

Jurisdiction

 A forcible detainer action is a procedure to determine the right to immediate
possession to real property and is intended to be a speedy, simple, and inexpensive
means to obtain possession without resort to an action on the title. Dormady v.
Dinero Land & Cattle Co., L.C., 61 S.W.3d 555, 557 (Tex. App.--San Antonio 2001,
pet. dism'd w.o.j.). Jurisdiction of forcible detainer actions is expressly given to the
justice court of the precinct where the property is located, and appeals are to the
county courts for a trial de novo. Tex. Prop. Code Ann. § 24.004 (Vernon 2000). 
The only issue that can be adjudicated in a forcible detainer action is which party has
the right to immediate possession of the property. Tex. R. Civ. P. 746; Mitchell v.
Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex. App.--Houston [1st Dist.]
1995, writ denied). 

Notice of Sale

 In her sole issue, Scott contends she was not provided adequate notice 21 days
in advance of the foreclosure sale by citing to section 51.002 (b) of the Property
Code, and Parker v. Frost National Bank of San Antonio, 852 S.W.2d 741, 742-43
(Tex. App.--San Antonio 1993, writ dism'd by agr.). Scott does not point to any
facts that indicate she did not receive proper notice of the foreclosure sale. Our
review of the record indicates that notice was sent on October 13, 2000, for a
foreclosure sale to take place 25 days later, on November 7, 2000.

 Chase introduced uncontroverted evidence that it had a right to possession of
the property. Our review of the record reveals that Scott did not raise lack of notice,
or any other issue related to title, at either the justice court or the county court. The
trial court properly adjudicated the issue of immediate possession to the property. See
Tex. R. Civ. P. 746. The trial court did not err by granting judgment in favor of
Chase.

 We overrule Scott's sole issue. 

Conclusion

 We affirm the judgment of the trial court.

 


 Tim Taft

 Justice


Panel consists of Justices Mirabal, Taft and Price. (1)

Do not publish. Tex. R. App. P. 47.4.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.