COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-174-CV
  
  
A 
PLUS INVESTMENTS, INC.                                                  APPELLANT
  
V.
   
WALTER 
RUSHTON, AND ALL                                                   APPELLEE
OCCUPANTS 
OF 4537 JENNIFER
COURT, 
FORT WORTH, TEXAS
76120
   
------------
 
FROM 
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. INTRODUCTION
        In 
a single issue, appellant A Plus Investments, Inc. (“A Plus”) complains that 
the county court erred in dismissing its forcible detainer action for want of 
jurisdiction.  Because an unresolved question of title was so intertwined 
with the right to possession that the action could not have been adjudicated 
without first determining title, the county court did not have jurisdiction to 
hear the case.  We affirm.
II. FACTUAL AND PROCEDURAL 
BACKGROUND
        In 
1999, appellee Walter Rushton and his wife Doris (the “Rushtons”) entered 
into a home equity security instrument with Associates Financial Services 
Company of Texas (“Associates”), borrowing $21,708.79 from Associates and 
granting title to their property located at 4537 Jennifer Court, Fort Worth, 
Texas, to trustee Clifford D. Harmon, in trust, with the power of sale. 
Associates was named the beneficiary of the trust. Paragraph ten of the security 
instrument included the following provision:

If 
the Property is sold pursuant to this Paragraph, [the Rushtons] or any person 
holding possession of the Property through [the Rushtons] shall immediately 
surrender possession of the Property to the purchaser at that sale. If 
possession is not surrendered, [the Rushtons] or such person shall be a tenant 
at sufferance and may be removed by writ of possession.
 
        The 
Rushtons subsequently defaulted on the loan.  As required by article XVI § 
50 (a)(6)(D) of the Texas Constitution, Associates filed an application under 
Rule 736 of the Texas Rules of Civil Procedure, seeking a court order allowing 
the foreclosure of the home equity lien and the sale of the property.  The 
342nd Judicial District Court in Tarrant County granted Associates’ 
application and ordered the sale of the property pursuant to the terms of the 
home equity security instrument and Texas Property Code section 51.002.  
Subsequently, CitiFinancial, Inc. an alleged successor of Associates, appointed 
a substitute trustee, who conducted a foreclosure sale.  A Plus purchased 
the property from CitiFinancial and sent a notice to vacate and a demand for 
possession to the Rushtons via certified mail.
        After 
the Rushtons refused to vacate, A Plus brought an action for forcible detainer 
of real property in the Tarrant County Justice Court against Walter Rushton and 
all other occupants of the home.  The case resulted in a judgment in favor 
of A Plus, which the Rushtons appealed to the County Court of Law Number One in 
Tarrant County.  At the trial on the merits, the Rushtons informed the 
county court that they had filed suit in district court challenging A Plus’s 
title because of the discrepancy between the order of foreclosure naming 
Associates and the actual foreclosure conducted by CitiFinancial.  The 
county court abated the proceeding until title was determined by the district 
court.  A Plus then filed a motion to vacate the abatement, requesting that 
the court try the case to its conclusion or dismiss the case for want of 
jurisdiction.  Consequently, the court dismissed the case for want of 
jurisdiction.
III. JURISDICTION 
TO HEAR 
FORCIBLE DETAINER 
ACTIONS
        A 
forcible detainer is a procedure to determine the right to immediate possession 
of real property.  Dormady v. Dinero Land & Cattle Co., 61 
S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism’d w.o.j.).  It 
was created to provide a speedy, simple, and inexpensive means to obtain 
possession without the necessity of a more expensive suit on the title.  Scott 
v. Hewitt, 127 Tex. 31, 90 S.W.2d 816, 818-19 (1936).  The only issue 
in a forcible detainer action is which party has the right to immediate 
possession of the property; the merits of the title shall not be 
adjudicated.  See Tex. R. Civ. P. 746; Mitchell 
v. Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex. App.— Houston [1st 
Dist.] 1995, writ denied).  To prevail, in such an action, a plaintiff is 
not required to prove title, but is only required to show sufficient evidence of 
ownership to demonstrate a superior right to immediate possession.  Rice 
v. Pinney, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).
        Jurisdiction 
to hear forcible detainer actions is expressly vested in the justice courts 
where the property is located, and on appeal, to the county courts of law for a 
trial de novo.  Tex. Prop. Code Ann. § 24.004 
(Vernon 2000); Tex. R. Civ. P. 749; Aguilar 
v. Weber, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.).  The 
justice courts and the county courts at law are only deprived of jurisdiction to 
adjudicate a forcible detainer action if the question of title is so intertwined 
with the issue of possession that possession may not be adjudicated without 
first determining title.  Mitchell, 911 S.W.2d at 171.
IV. ANALYSIS
        Here, 
the record shows that A Plus produced the following evidence to support its 
right to possession: (1) the home equity security instrument the Rushtons 
entered into with Associates naming Associates the beneficiary and lender, and 
(2) a Foreclosure Sale Deed naming CitiFinancial as the beneficiary with the 
order from the 342nd Judicial District Court granting Associates’ 
application for foreclosure attached to it.  There is no evidence in the 
record to support a link between Associates and CitiFinancial.  This 
failure to connect the dots is fatal to A Plus’s case.
        The 
home equity security instrument provides that “[i]f the Property is sold pursuant 
to this Paragraph . . . [the Rushtons] shall immediately surrender 
possession . . . to the purchaser at the sale . . . [or] [i]f possession is not 
surrendered . . . shall be a tenant at sufferance . . .” (emphasis supplied). 
The “Paragraph” references the need to comply with the article XVI, section 
50(a)(6)(D) of the Texas Constitution, which requires a court order for 
foreclosure.  See Tex. Const. art. XVI § 50(a)(6)(D).  
Therefore, in order for CitiFinancial to have the right to foreclose on the 
Rushtons’ home, it would have needed to obtain an order from the district 
court.
        In 
this case, however, Associates was the only entity that obtained such an 
order.  Simply put, the requirements of the Texas Constitution, which were 
also part of this home equity security instrument, were disregarded.  See 
Tex. Const. art. XVI § 50(a)(6)(D).  
Absent the right to foreclose, CitiFinancial could not transfer ownership of the 
property to A Plus.  See id.  Moreover, A Plus fails to 
acknowledge that it created an issue of title by submitting documents that 
indicated the foreclosure was conducted by an entity that did not have 
permission to do so.  The conflict regarding title, however, is apparent.
        Therefore, 
because the county court would have been required to determine the issue of 
title to resolve the right to immediate possession, it lacked jurisdiction to 
consider this case.  See Aguilar, 72 S.W.3d at 735; Mitchell, 
911 S.W.2d at 171.  Accordingly, we overrule A Plus’s issue on 
appeal.  Because our ruling on A Plus’s single issue is decisive, we need 
not address the other factors the Rushton’s provided to support the trial 
court’s lack of jurisdiction.  See Tex. R. App. P. 47.1.
V. CONCLUSION
        Having 
overruled A Plus’s single issue, we affirm the trial court’s judgment.  
See Satterfield & Pontikes Constr., Inc. v. Irving ISD, 123 S.W.3d 
63, 68 (Tex. App.—Dallas 2003, pet. filed) (affirming the trial court’s 
judgment dismissing construction company’s claim for want of jurisdiction).
 
 
                                                          BOB 
MCCOY
                                                          JUSTICE
  
  
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
DELIVERED: 
April 22, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.