A-PLUS INVESTMENTS, INC. V. RUSHTON

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-174-CV

A PLUS INVESTMENTS, INC. APPELLANT

V.

WALTER RUSHTON, AND ALL APPELLEE

OCCUPANTS OF 4537 JENNIFER

COURT, FORT WORTH, TEXAS

76120 

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  I
NTRODUCTION
 

In a single issue, appellant A Plus Investments, Inc. (“A Plus”)
 complains that the county court erred in dismissing its forcible detainer action for want of jurisdiction.  Because an unresolved question of title was so intertwined with the right to possession that the action could not have been adjudicated without first determining title
, the county court did not have jurisdiction to hear the case.  We affirm. 

II.  F
ACTUAL
 
AND
 P
ROCEDURAL
 B
ACKGROUND

In 1999, appellee Walter Rushton and his wife Doris (the “Rushtons”) entered into a home equity security instrument with Associates Financial Services Company of Texas (“Associates”), borrowing $21,708.79 from Associates and granting title to their property located at 4537 Jennifer Court, Fort Worth, Texas, to trustee Clifford D. Harmon, in trust, with the power of sale.  Associates was named the beneficiary of the trust.  Paragraph ten of the security instrument included the following provision:

If the Property is sold pursuant to this Paragraph, [the Rushtons] or any person holding possession of the Property through [the Rushtons] shall immediately surrender possession of the Property to the purchaser at that sale.  If possession is not surrendered, [the Rushtons] or such person shall be a tenant at sufferance and may be removed by writ of possession.

The Rushtons subsequently defaulted on the loan.  As required by article
 XVI § 50 (a)(6)(D) of the Texas Constitution, Associates filed an application under Rule 736 of the Texas Rules of Civil Procedure, seeking a court order allowing the foreclosure of the home equity lien and the sale of the property.  The 342
nd
 Judicial District Court 
in Tarrant County granted Associates’ application and ordered the sale of the property pursuant to the terms of the home equity security instrument and Texas Property Code section 51.002. Subsequently, CitiFinancial, Inc. an alleged successor of Associates, appointed a substitute trustee, who conducted a foreclosure sale.  A Plus purchased the property from CitiFinancial and sent a notice to vacate and a demand for possession to the Rushtons via certified mail
.

After the Rushtons refused to vacate, A Plus brought an action for forcible detainer of real property in the Tarrant County Justice Court
 against Walter Rushton and all other occupants of the home.  The case resulted in a judgment in favor of A Plus, which the Rushtons appealed to the County Court of Law Number One in Tarrant County.
  At the trial on the merits, the Rushtons informed the county court that they had filed suit in district court challenging A Plus’s title because of the discrepancy between the order of foreclosure naming Associates and the actual foreclosure conducted by CitiFinancial.  The county court abated the proceeding until title was determined by the district court.  A Plus then filed a motion to vacate the abatement, requesting that the court try the case to its conclusion or dismiss the case for want of jurisdiction. Consequently, the court dismissed the case for want of jurisdiction. 

III.  J
URISDICTION
 
TO
 H
EAR
 F
ORCIBLE 
D
ETAINER
 A
CTIONS

A forcible detainer is a procedure to determine the right to immediate possession of real property.  
Dormady v. Dinero Land & Cattle Co.
, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism’d w.o.j.).  It was created to provide a speedy, simple, and inexpensive means to obtain possession without the necessity of a more expensive suit on the title.  
Scott v. Hewitt
, 127 Tex. 31, 90 S.W.2d 816, 818-19 (1936). The only issue in a forcible detainer action is which party has the right to immediate possession of the property; the merits of the title shall not be adjudicated.  
See 
Tex. R. Civ. P.
 746; 
Mitchell v. Armstrong
 
Capital Corp.
, 911 S.W.2d 169, 171 (Tex. App.— Houston [1
st
 Dist.] 1995, writ denied).  To prevail, in such an action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession.  
Rice v. Pinney
, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). 

Jurisdiction to hear forcible detainer actions is expressly vested in the justice courts where the property is located, and on appeal, to the county courts of law for a trial de novo.  T
EX
. Prop. Code Ann.
 § 24.004 (Vernon 2000); 
Tex. R. Civ. P.
 749; 
Aguilar v. Weber
, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.).  
The justice courts and the county courts at law are only deprived of jurisdiction to adjudicate a forcible detainer action if the question of title is so intertwined with the issue of possession that possession may not be adjudicated without first determining title. 
 Mitchell
, 911 S.W.2d at 171.

IV.  A
NALYSIS
 

Here, the record shows that A Plus produced the following evidence to support its right to possession: (1)
 the home equity security instrument
 the Rushtons entered into 
with Associates naming Associates the beneficiary and lender, and (2) a Foreclosure Sale Deed naming CitiFinancial as the beneficiary with the order from the 342
nd
 Judicial District Court 
granting Associates’ application for foreclosure attached to it.
  There is no evidence in the record to support a link between Associates and CitiFinancial.  This failure to connect the dots is fatal to A Plus’s case.

The home equity security instrument 
provides that “[i]f the Property is sold 
pursuant to this Paragraph 
. . . [the Rushtons] shall immediately surrender possession . . . to the purchaser at the sale . . . [or] [i]f possession is not surrendered . . . shall be a tenant at sufferance . . .” (emphasis supplied).  The “Paragraph” references the need to comply with the article XVI, section 50(a)(6)(D) of the Texas Constitution, which requires a court order for foreclosure.  
See 
Tex. Const.
 art. XVI § 50(a)(6)(D).  Therefore, in order for CitiFinancial to have the right to foreclose on the Rushtons’ home, it would have needed to obtain an order from the district court.  

In this case, however, Associates was the only entity that obtained such an order.  Simply put, the requirements of the Texas Constitution, which were also part of this home equity security instrument, were disregarded.  
See 
Tex. Const.
 art. XVI § 50(a)(6)(D).
 
 
Absent the right to foreclose, CitiFinancial could not transfer ownership of the property to A Plus.
 
 
See id
.  Moreover, A Plus fails to acknowledge that it created an issue of title by submitting documents that indicated the foreclosure was conducted by an entity that did not have permission to do so.  The conflict regarding title, however, is apparent.  

Therefore, because the county court would have been required to determine the issue of title to resolve the right to immediate possession, it lacked jurisdiction to consider this case.  
See Aguilar
, 72 S.W.3d at 735; 
Mitchell
, 911 S.W.2d at 171. Accordingly, we overrule A Plus’s issue on appeal.  
Because our ruling on A Plus’s single issue is decisive, we need not  address the other factors the Rushton’s provided to support the trial court’s lack of jurisdiction. 
 See 
Tex. R. App. P.
 47.1.

V.  C
ONCLUSION 

Having overruled A Plus’s single issue, we affirm the trial court’s judgment. 
 See Satterfield & Pontikes Constr.
, 
Inc. v. Irving ISD
, 123 S.W.3d 63, 68 (Tex. App.—Dallas 2003, pet. filed) (affirming the trial court’s judgment dismissing construction company’s claim for want of jurisdiction).  

 

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED: April 22, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.