6-96-028-CV Long Trusts v. Dowd 

In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00125-CV
______________________________

IN RE: FARMPRO, INC.

                                                                                                                                                             

Original Mandamus Proceeding

                                                                                                                                                             
                          

Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

            Farmpro, Inc., has filed a petition for a writ of mandamus requesting that this Court order the
Honorable Jimmy L. White, Judge of the 76th Judicial District of Texas, to strike the portion of his
order requiring arbitration to be held in Dallas. Benjamin D. Dalton and Kathy Dalton entered into
a contract with Farmpro, Inc., under which Farmpro would construct some chicken houses for the
Daltons. On December 17, 2004, the Daltons brought suit in the 76th Judicial District Court of
Morris County, Texas, against Farmpro for breach of contract, misrepresentation, breach of warranty,
and violations of the Texas Deceptive Trade Practices Act. The trial court granted Farmpro's motion
to compel arbitration pursuant to the contract, but required arbitration to be held in Dallas County,
Texas, rather than in Amarillo as per the contract. We conditionally grant the petition.
            Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law (which is often described as a "ministerial" act), and (2) the
absence of a clear and adequate remedy at law. In re Daisy Mfg. Co., 17 S.W.3d 654, 658 (Tex.
2000); Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833,
839–40 (Tex. 1992). Mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to
observe a mandatory provision conferring a right or forbidding a particular action. Abor v. Black,
695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding). 
            A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law." Walker, 827 S.W.2d at 839. A
clear failure by the trial court to apply the law correctly is an abuse of discretion. Id. at 840. 
"Arbitration is a creature of contract and a clause requiring arbitration will be interpreted under
contract principles." Belmont Constructors, Inc. v. Lyondell Petrochemical Co., 896 S.W.2d 352,
357 (Tex. App.—Houston [1st Dist.] 1995, no writ). The contract in this case provided in pertinent
part as follows:
6.1 Arbitration. All claims or disputes between Contractor [Farmpro] and
Owner [Dalton] arising out of or relating to the Contract Documents, or the breach
thereof, shall be decided by arbitration in accordance with the Construction Industry
Arbitration Rules of the American Arbitration Association currently in effect unless
the parties mutually agree otherwise in writing. 

Paragraph 6.2 of the contract provides that "[u]nless otherwise mutually agreed by the parties, the
place of the arbitration proceedings shall be in the [C]ity of Amarillo, Texas." The plain language
of a contract governs, unless such a reading would defeat the intention of the parties. Lyons v.
Montgomery, 701 S.W.2d 641, 643 (Tex. 1985). Thus, the contract provides that arbitration shall
occur in Amarillo, Texas, unless otherwise agreed. 
            Further, if the Daltons wish to contest the location of arbitration, the contest must be
submitted to the American Arbitration Association (AAA). Clint R. Latham, attorney for Farmpro,
states in his affidavit in support of Farmpro's petition for writ of mandamaus that R-11 of
Construction Industry Arbitration Rules of the AAA contains the following provision: 
The parties may mutually agree on the locale where the arbitration is to be held. If
any party requests that the hearing be held in a specific locale and the other party files
no objection thereto within fifteen calender days after notice of the request has been
sent to it by the AAA, the locale shall be the one requested. If a party objects to the
locale requested by the other party, the AAA shall have the power to determine the
locale, and its decision shall be final and binding.

When a contract provided that the rules of the AAA should govern the arbitration, the Tyler Court
of Appeals has held that a trial court clearly abused its discretion by appointing an arbitrator, rather
than following the selection process set forth in the AAA rules. In re Nat'l Health Ins. Co., 109
S.W.3d 552, 556 (Tex. App.—Tyler 2002, orig. proceeding). Once the parties specify which rules
govern the arbitration, they are bound by those rules unless grounds for revocation of the contract
in law or in equity arise. See id.; cf. D. Wilson Constr. Co. v. McAllen Indep. Sch. Dist., 848 S.W.2d
226, 228 (Tex. App.—Corpus Christi 1992, writ dism'd w.o.j.). The trial court has no discretion to
modify or contravene the specified rules. See In re Nat'l Health Ins. Co., 109 S.W.3d at 556. Absent
a finding that the contract is unenforceable, the trial court had no discretion to require arbitration at
a location different than that specified in the contract or to decide a contest over the location of
arbitration. Because the contract provides that the rules of the AAA govern the arbitration, any
contest over the location must be submitted to the AAA.
            For all the reasons stated above, the petition for writ of mandamus is conditionally granted. 
The portion of the trial court's order requiring arbitration to be held in Dallas County constitutes a
clear abuse of discretion. Further, the parties have no adequate remedy by appeal.

 We direct the
trial court to strike the portion of its order requiring arbitration to be held in Dallas County. The writ
will issue only if the trial court fails to take appropriate action in accordance with this opinion. 
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          November 7, 2005
Date Decided:             November 8, 2005

evidence of a title dispute is required to raise an issue of jurisdiction.
 Falcon, 976 S.W.2d at 338.

 Additionally, the right to immediate possession can be determined separately from the right
to title in most cases. See Rice, 51 S.W.3d at 710. This is true, in part, because a forcible detainer
action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of
this State. Scott v. Hewitt, 127 Tex. 31, 90 S.W.2d 816, 818-19 (1936); Rice, 51 S.W.3d at 710
(Legislature contemplated concurrent actions in district and justice courts to resolve issues of title
and immediate possession, respectively). 

 For example, the case of Dormady v. Dinero Land & Cattle Co., 61 S.W.3d 555 (Tex.
App.--San Antonio 2001, pet. dism'd w.o.j.), involved alleged irregularities in a foreclosure sale. 
It was alleged that the county court lacked jurisdiction because the issue of possession could not be
determined independent of the title issue. Id. at 557. Even though Dormady involved an alleged title
dispute between the same parties, the court determined that the title action could proceed in district
court. The right to immediate possession could be determined under the forcible detainer statute
without deciding what irregularities might have occurred in the foreclosure action. Id. at 558. 

 Here, any issues involving title to the property can be resolved in a quiet title action between
those parties claiming a title interest--Harrell, Jr., Jones, and the Bank. The determination of the
right of immediate possession as between Harrell and the Bank can be made independent of title
issues involving the Bank and nonparties. 

 Harrell further contends that the deed of trust executed by a guardian (Harrell) without order
of the probate court should be void, particularly where it results in the sale of the ward's interest at
a contractual foreclosure sale. Even assuming the deed of trust conveyed Harrell, Jr.'s interest in the
property, (6) the issue of whether the sale was void as to Harrell, Jr.'s interest can be resolved in a quiet
title action between Harrell, Jr. and the Bank. See id.

 Finally, Harrell relies on the case of Mitchell v. Armstrong Capital Corp., 911 S.W.2d 169
(Tex. App.--Houston [1st Dist.] 1995, writ denied). In Mitchell, the homeowner signed a
promissory note for home improvements secured by a builder's and mechanic's lien contract. The
lien contract was foreclosed, and a forcible detainer action was filed. The justice court awarded
possession to the note holder, and the county court affirmed. Id. at 171. On appeal, it was
determined that the trial court lacked subject-matter jurisdiction because the issue of immediate
possession depended solely on title to the house under the terms of the contract. Id. 

 In this case, as in Dormady, the landlord-tenant relationship is established in the original deed
of trust. That relationship provides a basis under the statute (7) for determining the right to immediate
possession without resolving the allegations by Harrell that nonparties have an ownership interest
in the property. 

 Because we do not find that the issues involving title to the subject property are so
intertwined with the issue of who is entitled to immediate possession, we find that the trial court had
subject-matter jurisdiction to hear the forcible detainer action and to issue the writ of possession.

 B. Sufficiency of the Evidence to Sustain the Forcible Detainer Claim

 In his second point of error, Harrell contends that the Bank did not present sufficient evidence
that it had a superior right of possession against him, due to Harrell's allegation that he was on the
property with the consent of an undivided interest owner. He contends that because the Bank only
acquired an undivided interest in the land, one undivided interest owner has no right to evict another
undivided interest owner. Stephens v. Taylor, 36 S.W. 1083 (Tex. Civ. App. 1896). Harrell alleges
the other undivided interest owner is Harrell, Jr. There was no effort on the part of the Bank to evict
Harrell, Jr., and whatever interest Harrell had in the property was transferred to the Bank. 

 To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only
required to show sufficient evidence of ownership to demonstrate a superior right to immediate
possession. Goggins v. Leo, 849 S.W.2d 373, 377 (Tex. App.--Houston [14th Dist.] 1993, no writ). 

 Here, the Bank was required to show: (1) the substitute trustee conveyed the property by
deed to the Bank after the foreclosure sale; (2) the deed of trust signed by Harrell established a
landlord-tenant relationship between Harrell and the Bank; (3) the Bank gave proper notice to Harrell
that it required him to vacate the premises; and (4) Harrell refused to vacate the premises. (8) To satisfy
those requirements, the Bank relied on its deed of trust, appointment of substitute trustee, the
substitute trustee's deed, and the written demand to vacate premises, all entered into evidence
without objection. 

 The trustee's deed establishes that the substitute trustee conveyed the property in question to
the Bank and that the Bank was entitled to possession of the property. The deed of trust required
Harrell to surrender possession of the property to the Bank as the purchaser at the sale and further
provided that failure to do so would cause Harrell to become a "tenant at sufferance." The
foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship
between the Bank and Harrell, which provided a basis for determining the right of possession. See
Villalon, 176 S.W.3d at 71.

 We find the evidence supports the judgment of the trial court on this issue. Harrell's
challenge to the sufficiency of the evidence fails. See Formosa Plastics Corp. USA v. Presidio
Eng'rs & Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998).

 C. The Timeliness of Harrell's Notice of Appeal

 The Bank contends Harrell's notice of appeal was not properly perfected because it did not
correctly identify the style of the case as required by Rule 25.1(d)(1) of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 25.1(d)(1). We do not find this argument to be persuasive. Rule
25.1(f) of the Texas Rules of Appellate Procedure provides:

 An amended notice of appeal correcting a defect or omission in an earlier filed notice
may be filed in the appellate court at any time before appellant's brief is filed. The
amended notice is subject to being struck for cause on the motion of any party
affected by the amended notice. After the appellant's brief is filed, the notice may be
amended only on leave of the appellate court and on such terms as the court may
prescribe.

Tex. R. App. P. 25.1(f).

 Harrell filed an amended notice of appeal May 5, 2009. The judgment was entered
February 17, 2009, and Harrell filed a motion for new trial March 5, 2009, in a timely manner. 
Because the amended notice of appeal was filed within ninety days after the judgment was signed,
it was timely filed. Tex. R. App. P. 26.1(a). Further, the amended notice was filed before Harrell
filed his brief, and no objection was made.

V. CONCLUSION

 Because we hold that the trial court had subject-matter jurisdiction and that the Bank proved
a superior right to immediate possession sufficient to sustain its claim for forcible detainer, we affirm
the judgment of the trial court. 

 Jack Carter

 Justice

Date Submitted: September 8, 2009

Date Decided: September 16, 2009

1. Jurisdiction of a forcible detainer suit is in the justice court in the precinct where the
property in question is located. Tex. Gov't Code Ann. 27.031(a)(2) (Vernon Supp. 2008); Tex.
Prop. Code Ann. 24.004 (Vernon 2000). Appeal from a forcible detainer suit is to the county
court of the county in which the judgment is rendered. Tex. R. Civ. P. 749. In this case, appeal to
the 276th Judicial District Court of Marion County was appropriate. Section 24.453(c) of the Texas
Government Code provides that "[t]he jurisdiction of the 276th District Court is concurrent with the
jurisdiction of the 115th District Court in Marion County . . . ." Section 24.217(b) of the Texas
Government Code provides that "in addition to other jurisdiction provided by law, the 115th District
Court has the civil and criminal jurisdiction of a county court in Marion County." We note these
provisions because they bestow upon the 276th Judicial District Court the civil jurisdiction of a
county court. Tex. Gov't Code Ann. 24.453(c) (Vernon 2004), 24.217(b) (Vernon 2004).
2. Harrell testified that he signed the deed of trust as guardian for his son, Harrell, Jr. 
However, the grantor in the deed of trust is listed as Charles A. Harrell, Inc., a Texas Corporation,
d/b/a Charlie's Country Corner, Inc. We have no documentary evidence before us regarding the
guardianship testified to by Harrell; the deed of trust does not evidence, on its face, that Harrell
signed as grantor in the capacity of guardian on behalf of Harrell, Jr. 
3. See Tex. Prop. Code Ann. 24.002, 24.0061 (Vernon 2000), 24.0051 (Vernon Supp.
2008).
4. Tex. R. Civ. P. 746.
5. Counsel for Harrell conceded that "Mr. Harrell's interest in the title is not an issue."
6. This allegation is not clear based on the record before the Court. As previously discussed,
there is no documentary evidence of a guardianship, and the deed of trust does not indicate that it
was executed by Harrell in a representative capacity.
7. Tex. Prop. Code Ann. 24.002.
8. Tex. Prop. Code Ann. 24.002(a)(2), (b), 24.005 (Vernon 2000).