

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-161-CV**

FRANK CORNISH, IV AND                                    APPELLANTS
ALL OCCUPANTS

V.

WELLS FARGO BANK (TEXAS), NA                              APPELLEE

-----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

## I.  Introduction

In two points, Appellants Frank Cornish, IV and All Occupants (collectively, "the Cornishes") assert that the trial court (1) did not have subject matter jurisdiction over this lawsuit and (2) erred in granting Appellee Wells

---

[1] *See* TEX. R. APP. P. 47.4.

Fargo Bank (Texas), NA ("Wells Fargo") a writ of possession without establishing a superior right to immediate possession of the premises. Both points stem from an alleged wrongful foreclosure previously addressed by this court. *See Cornish v. Washington Mut. Bank*, No. 02-06-00400-CV, 2007 WL 2285478, at *1 (Tex. App.—Fort Worth Aug. 9, 2007, pet. denied) (mem. op.).

## II. Factual and Procedural Background

### A. Previous Litigation

The Cornishes have bitten at this apple before, but try again. *See id.* On August 9, 2007, this court affirmed a summary judgment in favor of Wells Fargo and Washington Mutual Bank in trial court cause no. 017-212477-05. *Id*. at *5. In that case, the Cornishes complained about the circumstances surrounding the foreclosure of their home, 305 Sheffield Drive, Southlake, Texas ("the Home"). *Id*. at *1. The background set forth in our previous opinion is germane to the proceedings before us today because this case also involves the Home.

In 1993, the Cornishes purchased the Home with a purchase money mortgage loan, which included a deed of trust, from Bluebonnet Savings Bank, FSB. *Id*. Bluebonnet conveyed its interest as beneficiary under the deed of trust to Norwest Bank Texas South Central, which later conveyed that same

2

interest to Washington Mutual. *Id*. The Cornishes fell behind in their mortgage obligations and the Home went into foreclosure.[2] Wells Fargo bought the Home at a foreclosure sale in 2004.

In 2005, the Cornishes brought suit against Washington Mutual and Wells Fargo for wrongful foreclosure and to try title. *Cornish,* 2007 WL 2285478, at *1–2. They alleged that the foreclosure had been wrongful because of a lack of notice of default and a lack of power by the trustee to conduct the sale, and because of the Home's status as a homestead. *Id*. In 2006, Wells Fargo and Washington Mutual filed a motion for summary judgment and a motion to strike the Cornishes' second response to their motion. *Id.* at *2. Both of the banks' motions were successful. *Id*. at *3.

Among other issues presented to this court in the prior appeal, the Cornishes argued that notices sent to them regarding their default were inadequate and improper. *Id*. at *4. We held that the summary judgment evidence showed that the Cornishes received adequate notice. *Id*.

---

[2] The Cornishes also sought protection under the United States Bankruptcy Code three times: in 2001, 2004, and 2005. *Cornish,* 2007 WL 2285478, at *1. Their last bankruptcy filing was dismissed as having been filed in bad faith. *Id*.

3

**B. This Litigation**

This present appeal arose from a lawsuit initiated when Wells Fargo commenced a forcible detainer action in Justice Court, Precinct 3, Place 2, of Tarrant County, Texas, styled *Wells Fargo Bank (Texas), NA v. Frank Cornish IV and all occupants of 305 Sheffield Drive, Southlake, Texas*, Cause No. F2545. After a trial, the Justice Court issued judgment for Wells Fargo on March 29, 2007.

The Cornishes appealed, and the case was filed with County Court at Law No. 1 of Tarrant County, Texas, as cause number 2007-051710-1. On April 25, 2007, the trial judge held the trial de novo of this matter. At that trial, a copy of the notice to vacate and certified copies of the substitute trustee's deed and the deed of trust were admitted as Trial Exhibits 1, 2, and 3, respectively, without objection. The trial court found the Cornishes guilty of forcible detainer and ordered that a writ of possession should issue. The Cornishes then appealed to this court.

### III. Jurisdiction

In their first point, the Cornishes assert that the trial court did not have jurisdiction "because this case involves a title dispute between the Mortgagee, Mortgage Servicer and the Appellants" and cite two cases to support their proposition, *Rice v. Penn*, 51 S.W.3d 705 (Tex. App.—Dallas 2001, no pet.),

4

and *Mitchell v. Armstrong Capital Corp*., 911 S.W.2d 169 (Tex. App.—Houston [1st Dist.] 1995, pet. denied).

However, not only does *Rice* not support the Cornishes' position, but this court has twice followed what the *Rice* court actually held.[3]

> The Rices contend that if it becomes apparent that a genuine issue regarding title exists in a forcible detainer suit, the justice and county courts do not have jurisdiction over the matter. As we stated earlier, however, a justice court or county court at law is not *deprived of jurisdiction merely by the existence of a title dispute, but is deprived of jurisdiction only if "the right to immediate possession necessarily requires the resolution of a title dispute*." This linguistic distinction is substantive, not merely semantical. *A justice court and, on trial de novo, a county court have been given exclusive jurisdiction to decide the issue of immediate possession*. That jurisdiction cannot be infringed upon as long as the court merely determines possession. Thus, it is only when the justice or county court *must* determine title issues that it is without jurisdiction to adjudicate a forcible detainer case.

*Rice*, 51 S.W.3d at 713 (emphasis supplied) (citations omitted). It is possession, not title, that was decided in the courts below. Further, *Mitchell* is inapposite because, unlike this case, it involved pending title litigation in the district court at the same time that the Justice of the Peace lawsuit was underway. *See* 911 S.W.2d at 170–71.

---

[3] *See Presley v. McGrath*, 02-04-00403-CV, 2005 WL 1475495 (Tex. App.—Fort Worth June 23, 2005, pet. dism'd w.o.j.) (mem. op.); *Brown v. Kula-Amos*, No. 02-04-00032-CV, 2005 WL 675563 (Tex. App.—Fort Worth March 24, 2005, no pet.) (mem. op.).

5

The Cornishes again complain that they did not receive notice in connection with the foreclosure proceedings. As recounted earlier in this opinion, we addressed these contentions in our prior opinion and held against the Cornishes on this question. *See Cornish*, 2007 WL 2285478, at *4. The Cornishes' first point is overruled.

## IV.  Right of Possession

In their second point, the Cornishes assert that Wells Fargo failed to establish a superior right to immediate possession of the premises. They again complain of notice and illegal foreclosure. This point has also been addressed in our prior opinion, and is summarily overruled. *See id.*

## V.  Conclusion

Having overruled the Cornishes' two points, we affirm the trial court's judgment.


PER CURIAM

PANEL F:   MCCOY, J.; CAYCE, C.J.; and WALKER, J.

WALKER, J. concurs without opinion.

DELIVERED: May 29, 2008