COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-161-CV

 

 

FRANK CORNISH, IV AND                                                   APPELLANTS

ALL OCCUPANTS                                                                                

 

                                                   V.

 

WELLS FARGO
BANK (TEXAS),
NA        APPELLEE

                                                                                                        



 

 

                                              ------------

 

         FROM COUNTY COURT AT LAW
NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








In two points, Appellants
Frank Cornish, IV and All Occupants (collectively, Athe
Cornishes@) assert that the trial court
(1) did not have subject matter jurisdiction over this lawsuit and (2) erred in
granting Appellee Wells Fargo Bank (Texas), NA (AWells
Fargo@) a writ
of possession without establishing a superior right to immediate possession of
the premises.  Both points stem from an
alleged wrongful foreclosure previously addressed by this court.  See Cornish v. Washington Mut. Bank,
No. 02-06-00400-CV, 2007 WL 2285478, at *1 (Tex. App.CFort
Worth Aug. 9, 2007, pet. denied) (mem. op.). 

II. 
Factual and Procedural Background

A. Previous Litigation

The Cornishes have bitten at this apple before,
but try again.  See id.  On August 9, 2007, this court affirmed a
summary judgment in favor of Wells Fargo and Washington Mutual Bank in trial
court cause no. 017-212477-05.  Id.
at *5.  In that case, the Cornishes
complained about the circumstances surrounding the foreclosure of their home,
305 Sheffield Drive, Southlake, Texas (Athe Home@).  Id. at *1.  The background set forth in our previous
opinion is germane to the proceedings before us today because this case also
involves the Home.








In 1993, the Cornishes purchased the Home with a
purchase money mortgage loan, which included a deed of trust, from Bluebonnet
Savings Bank, FSB.  Id.  Bluebonnet conveyed its interest as
beneficiary under the deed of trust to Norwest Bank Texas South Central, which
later conveyed that same interest to Washington Mutual.  Id. 
The Cornishes fell behind in their mortgage obligations and the Home
went into foreclosure.[2]  Wells Fargo bought the Home  at a foreclosure sale in 2004.  

In 2005, the Cornishes brought suit against
Washington Mutual and Wells Fargo for wrongful foreclosure and to try
title.  Cornish, 2007 WL 2285478,
at *1B2.  They alleged that the foreclosure had been
wrongful because of a lack of notice of default and a lack of power by the
trustee to conduct the sale, and because of the Home=s status
as a homestead.  Id.  In 2006, Wells Fargo and Washington Mutual
filed a motion for summary judgment and a motion to strike the Cornishes= second
response to their motion.  Id. at
*2.  Both of the banks= motions
were successful.  Id. at *3.

Among other issues presented to this court in the
prior appeal, the Cornishes argued that notices sent to them regarding their
default were inadequate and improper.  Id.
at *4.  We held that the summary judgment
evidence showed that the Cornishes received adequate notice.  Id. 

 

 








B.  This Litigation

This present appeal arose from a lawsuit
initiated when Wells Fargo commenced a forcible detainer action in Justice
Court, Precinct 3, Place 2, of Tarrant County, Texas, styled Wells Fargo
Bank (Texas), NA v. Frank Cornish IV and all occupants of 305 Sheffield Drive,
Southlake, Texas, Cause No. F2545. 
After a trial, the Justice Court issued judgment for Wells Fargo on
March 29, 2007.

The Cornishes appealed, and the case was filed
with County Court at Law No. 1 of Tarrant County, Texas, as cause number
2007-051710-1.  On April 25, 2007, the
trial judge held the trial de novo of this matter.  At that trial, a copy of the notice to vacate
and certified copies of the substitute trustee=s deed
and the deed of trust were admitted as Trial Exhibits 1, 2, and 3,
respectively, without objection. The trial court found the Cornishes guilty of
forcible detainer and ordered that a writ of possession should issue.  The Cornishes then appealed to this court. 

III. 
Jurisdiction








In their first point, the Cornishes assert that
the trial court did not have jurisdiction Abecause
this case involves a title dispute between the Mortgagee, Mortgage Servicer and
the Appellants@ and cite two cases to support
their proposition, Rice v. Penn, 51 S.W.3d 705 (Tex. App.CDallas
2001, no pet.), and Mitchell v. Armstrong Capital Corp., 911 S.W.2d 169
(Tex. App.CHouston [1st Dist.] 1995, pet.
denied).  

However, not only does Rice not support
the Cornishes= position, but this court has
twice followed what the Rice court actually held.[3]

The Rices contend that if
it becomes apparent that a genuine issue regarding title exists in a forcible
detainer suit, the justice and county courts do not have jurisdiction over the
matter.  As we stated earlier, however, a
justice court or county court at law is not deprived of jurisdiction merely
by the existence of a title dispute, but is deprived of jurisdiction only if Athe right to immediate
possession necessarily requires the resolution of a title dispute.@  This linguistic distinction is substantive,
not merely semantical.  A justice
court and, on trial de novo, a county court have been given exclusive
jurisdiction to decide the issue of immediate possession.  That jurisdiction cannot be infringed upon as
long as the court merely determines possession. 
Thus, it is only when the justice or county court must determine
title issues that it is without jurisdiction to adjudicate a forcible detainer
case. 

 

Rice, 51 S.W.3d at 713 (emphasis supplied) (citations
omitted).  It is possession, not title,
that was decided in the courts below. 
Further, Mitchell is inapposite because, unlike this case, it
involved pending title litigation in the district court at the same time that
the Justice of the Peace lawsuit was underway. 
See 911 S.W.2d at 170B71. 








The Cornishes again complain that they did not
receive notice in connection with the foreclosure proceedings.  As recounted earlier in this opinion, we
addressed these contentions in our prior opinion and held against the Cornishes
on this question.  See Cornish,
2007 WL 2285478, at *4.  The Cornishes= first
point is overruled.

IV.  Right
of Possession

In their second point, the Cornishes assert that
Wells Fargo failed to establish a superior right to immediate possession of the
premises.  They again complain of notice
and illegal foreclosure.  This point has
also been addressed in our prior opinion, and is summarily overruled.  See id.

V. 
Conclusion

Having overruled the Cornishes= two
points, we affirm the trial court=s
judgment.

 

 

PER
CURIAM

 

PANEL F:    MCCOY,
J.; CAYCE, C.J.; and WALKER, J.

 

WALKER, J. concurs
without opinion.

 

DELIVERED: May 29, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]The Cornishes also sought
protection under the United States Bankruptcy Code three times: in 2001, 2004,
and 2005.  Cornish, 2007 WL
2285478, at *1.  Their last bankruptcy
filing was dismissed as having been filed in bad faith.  Id.





[3]See Presley v. McGrath, 02-04-00403-CV, 2005 WL
1475495 (Tex. App.CFort Worth June 23, 2005,
pet. dism=d w.o.j.) (mem. op.);
Brown v. Kula-Amos, No. 02-04-00032-CV, 2005 WL 675563 (Tex. App.CFort Worth March 24,
2005, no pet.) (mem. op.).