Vacated and Dismissed and Memorandum Opinion filed January 15, 2009








Vacated
and Dismissed and Memorandum Opinion filed January 15, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00796-CV

____________

 

LARRY BURTON and EVANGELINE BURTON
DAWSON, Appellants

 

V.

 

JESSE SMITH and MARGIE SMITH,
Appellees

 



 

On Appeal from the County Civil
Court at Law No. 2

Harris County, Texas

Trial Court Cause No.
908745

 



 

M E M O R A N D U M   O P I N I O N

This is
an appeal from a summary judgment signed May 30, 2008.  Appellants= notice of appeal was not filed until
August 20, 2008.  Appellees filed a motion to dismiss the appeal, asserting
that the notice of appeal was untimely.








Appellants
filed a motion for new trial on August 1, 2008, more than 30 days after
judgment.  At the same time, appellants also filed a motion under Texas Rule of
Civil Procedure 306a(4) to extend time to perfect their appeal, claiming lack
of notice of the signing of the judgment.  Appellants assert they did not learn
of the judgment until July 7, 2008.  The record confirms that the notice was
mailed to the property address rather than appellants= post office box.  Although the
motion is verified as required and contained a request for a hearing,
appellants assert that the trial court refused to grant a hearing. 

Appellants= sworn motion established a prima
facie case that they did not receive notice of the judgment until July 7, 2008,
thereby extending the trial court=s plenary power.  See In re The
Lynd Co., 195 S.W.3d 682, 685 (Tex. 2006).  When the trial court fails to
find a specific date that notice was received, the finding may be implied.  See
id.; Powell v. McCauley, 126 S.W.3d 158, 162 (Tex. App.CHouston [1st Dist.] 2003, no pet.)
(appellate court may imply finding of date of notice if supported by record). 
Based on this record, a finding that notice was not received until July 7,
2008, is implied.  Therefore, appellants= motion for new trial and notice of
appeal are timely.  We deny appellees= motion to dismiss the appeal for
want of jurisdiction.

There
is, however, another jurisdictional defect in this case.  Suit was originally
filed as a forcible detainer action and appealed to the county court.  In the
county court, appellees filed a third party petition for trespass to try title
and alleged other causes of action.  In its judgment, the trial court
determined appellees have superior title to the property at issue and awarded
attorney=s fees.  By statute, a justice court
has jurisdiction over a forcible entry and detainer action.  Tex. Prop .Code ' 24.004.  A justice court is
expressly deprived of jurisdiction to determine or adjudicate title to land.  Tex. Gov't Code ' 27.031(b).  The justice court
judgment may be appealed to the county court.  Tex. R. Civ. P. 749.  The appellate jurisdiction of the
county court is confined to the jurisdictional limits of the justice court.  Salaymeh
v. Plaza Centro, LLC, 264 S.W.3d 431, 435 (Tex. App.CHouston [14 Dist.] 2008, no pet.). 
Therefore, neither the justice court, nor a county court on appeal, can resolve
questions of title beyond the immediate right to possession.  See Bacon v.
Jordan, 763 S.W.2d 395, 396 (Tex. 1988).








A
forcible detainer action is cumulative, not exclusive, of other remedies a
party may have in the courts of this State, including a suit to try title.  Rice
v. Pinney, 51 S.W.3d 705, 709 (Tex. App.CDallas 2001, no pet.).  If the
resolution of a title dispute is necessarily intertwined with the issue of
possession, so that the right of possession depends upon it, possession may not
be adjudicated without first determining title.  Id.  In such a case,
neither the justice court nor the county court, on appeal, has jurisdiction.  Id.
at 708-09 (holding that notwithstanding its grant of general jurisdiction
over title to land, a statutory county court has no jurisdiction to adjudicate
title to real estate in a de novo trial following an appeal of a forcible
detainer suit from justice court); see also Mitchell v. Armstrong Capital
Corp., 911 S.W.2d 169, 171 (Tex. App.CHouston [1st Dist.] 1995, writ
denied) (holding where an issue regarding title exists in a forcible detainer
suit, neither justice court nor county court has jurisdiction).  Harris County
Courts at Law have general jurisdiction to determine title to real property.  Tex. Gov't Code ' 25.1032.  However, their appellate
jurisdiction is limited to that of the lower court.  See Mitchell, 911
S.W.2d at 171.  In this case, the determination of title to the subject
property is the dispositive issue.  Therefore, both the justice and county
courts lacked jurisdiction to resolve the title dispute.

The
trial court=s subject matter jurisdiction is reviewed de novo.  Texas Natural Res.
Conservation Comm=n v. IT‑Davy, 74 S.W.3d 849, 855 (Tex. 2002).  If we determine the
trial court lacks subject‑matter jurisdiction, we must vacate the trial
court=s judgment and dismiss the case.  See
City of Garland v. Louton, 691 S.W.2d 603, 605 (Tex. 1985). 

The
county court lacked subject matter jurisdiction.  Accordingly, we vacate the
judgment below, order any writ of possession dissolved, and dismiss the cause. 

PER
CURIAM

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.