**Robin BRUCE, Appellant,**

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a Fannie Mae, Appellee.**

No. 05–10–01402–CV.

Court of Appeals of Texas, Dallas.

Nov. 9, 2011.

Dan E. Wood, Jr., Attorney at Law, Terrell, for Appellant.

Chalise Rheana Estes, American Home Mortgage Servicing, Inc., Addison, Mark Daniel Hopkins, Michael Matthew Williams, Hopkins & Williams, PLLC, Austin, for Appellee.

Before Justices BRIDGES, MARTIN RICHTER, and MURPHY.

## OPINION

Opinion By Justice MARTIN RICHTER.

Robin Bruce appeals the trial court's judgment awarding possession of property to Federal National Mortgage Association ("Fannie Mae"). In two issues, Bruce asserts the trial court lacked jurisdiction to determine title and possession of the property and erred in awarding attorney's fees. For the reasons that follow, we conclude the trial court was not required to determine title issues in this forcible entry and detainer suit and therefore had jurisdiction to determine the right to immediate possession of the property. But there is noth-ing in the record to support an award of attorney's fees. Therefore, we modify the trial court's judgment to vacate the attorney's fees award to Fannie Mae, and affirm the judgment as modified.

## Background

During a period of time when Bruce was separated from her husband ("Husband"), Husband purchased a home and executed a Deed of Trust securing a $159,750 loan from BSM Financial, L.P. The Deed of Trust was executed by Husband only and reflects that he is a "single person." Although Bruce and Husband reconciled for a period of time and resided in the home, Husband ultimately filed for divorce. Temporary orders in the divorce action awarded Bruce possession of the home and required Husband to pay the mortgage.

After Husband failed to pay the residential mortgage, the property was sold at a foreclosure sale under the Deed of Trust to Fannie Mae. Fannie Mae then initiated a forcible entry and detainer suit in the justice court and was awarded possession of the property. Bruce appealed the judgment of the justice court to the county court at law. Bruce also joined Fannie Mae and the lender in the divorce action and requested that the foreclosure be set aside. Following a trial de novo, the county court rendered judgment awarding possession of the property to Fannie Mae, and awarded Fannie Mae $1,000 in attorney's fees. This appeal followed.

## Discussion

### Jurisdiction

In her first issue, Bruce contends the county court lacked jurisdiction to determine the right of immediate possession because the title issue was so intertwined in the issue that possession could not be adjudicated without determining title.

Fannie Mae responds that a title determination was not required to determine the right to possession because the landlord-tenant relationship between the parties provided an independent basis for possession. We agree with Fannie Mae.

■■■ In a forcible detainer action, the only issue the trial court determines is whether the party seeking to obtain possession is entitled to actual and immediate possession, and the merits of whether a party has title shall not be determined. *See* TEX.R. CIV. P. 746; *Williams v. Bank of N.Y. Mellon,* 315 S.W.3d 925, 927 (Tex. App.-Dallas 2010, no pet.); *Black v. Wash. Mut. Bank,* 318 S.W.3d 414, 416 (Tex.App.-Houston [1st Dist.] 2010, pet. dism'd w.o.j.). A forcible detainer action is not exclusive, but cumulative of any other remedy that a party may have in the courts of this state. *See Rice v. Pinney,* 51 S.W.3d 705, 708 (Tex.App.-Dallas 2001, no pet.); *Hong Kong Dev., Inc. v. Nguyen,* 229 S.W.3d 415, 437 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Thus, the displaced party is entitled to bring a separate suit in the district court to determine the question of title. *Rice,* 51 S.W.3d at 708; *see also Williams,* 315 S.W.3d at 927 (stating questions over whether a sale of property in a deed of trust is invalid "must be brought in a separate suit"). A justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute; rather, it is deprived of jurisdiction only if "the right to immediate possession necessarily requires the resolution of a title dispute." *Rice,* 51 S.W.3d at 713 (citing *Haith v. Drake,* 596 S.W.2d 194, 196 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Here, the Deed of Trust under which the property was sold provides:

If the Property is sold ... Borrower or any person holding possession of the Property through borrower shall imme-diately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Thus, according to the terms of the Deed of Trust, after the foreclosure, Husband and Bruce became tenants at sufferance.

Bruce insists the right to immediate possession in this case cannot be determined on the basis of the landlord-tenant provision in the Deed of Trust because she did not convey her community interest in the Deed of Trust. Relying on *Mitchell v. Armstrong Capital Corp.,* 911 S.W.2d 169, 170 (Tex.App.-Houston [1st Dist.] 1995, writ denied), Bruce asserts that the issue of immediate possession depends solely upon title to the house under the marital property statutes. Bruce's reliance on *Mitchell,* however, is misplaced.

*Mitchell* did not involve competing claims or distributions under the marital property statutes. *See id.* Although the *Mitchell* court did conclude that the existence of a title dispute deprived the justice court and county court at law of subject matter jurisdiction, the title dispute was predicated on a foreclosure resulting from default under a promissory note secured by a mechanics lien contract. *Id.* at 171. Significantly, the lien contract in *Mitchell* did not include a landlord-tenant provision. Rather, the issue of immediate possession depended solely upon title to the house under the terms of the note and lien contract. *Id.* Here, the Deed of Trust contains a provision that creates a landlord-tenant relationship, and this relationship "provides an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property." *Rice,* 51 S.W.3d at 712. Thus, to prevail in its

forcible detainer action, Fannie Mae was not required to prove title; it was only required to demonstrate a superior right to possession. *See Rice,* 51 S.W.3d at 709. Because the county court was not required to determine the issue of title to resolve the right to immediate possession, we conclude the county court had jurisdiction to issue the writ of possession. Bruce's first issue is overruled.

### Attorney's Fees

■ In her second issue, Bruce asserts the trial court erred in awarding Fannie Mae attorney's fees because there are no pleadings or evidence to support the award. Fannie Mae does not respond to this argument.

A party may recover attorney's fees in a forcible detainer action. *See* Tex. Prop. Code Ann. § 24.006 (West 2000). But the record must reflect that any fees awarded were reasonable. *See Charette v. Fitzgerald,* 213 S.W.3d 505, 512 (Tex.App.-Houston [14th Dist.] 2006, no pet.).

In the present case, Fannie Mae's pleading prayed for costs of suit, but did not seek attorney's fees. Although the court awarded Fannie Mae possession of the property, there is no evidence in the record to support the basis for the dollar amount of the fees awarded. In the absence of support for the award in the record, we conclude the trial court erred in awarding Fannie Mae its attorney's fees. Bruce's second issue is sustained.

We modify the trial court's judgment to vacate the attorney's fees award to Fannie Mae and affirm the judgment as modified.