NO. 07-06-0419-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 31, 2008

_____


TERRA XXI, LTD., TERRA PARTNERS, VEIGEL FARMS,
INC., ROBERT W. VEIGEL, AND ELLA MARIE VEIGEL, APPELLANTS

v.

AG ACCEPTANCE CORPORATION, APPELLEE

_____

FROM THE COUNTY COURT OF DEAF SMITH COUNTY;

NO. CI-2006-04972; HON. ROLAND SAUL, PRESIDING

_____

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.[1]


OPINION

This is an appeal from a forcible detainer proceeding in which possession of the property was awarded to appellee Ag Acceptance Corporation. Appellants (who we will refer to collectively as "Terra") present seven issues. We affirm.

Factual Background

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

In September 2003, a substitute trustee for Ag Acceptance conducted a non-judicial foreclosure on property owned by Terra, pursuant to a deed of trust. Ag Acceptance acquired the property at the foreclosure sale, and demanded that Terra vacate the property. Terra did not do so and in early 2004, Ag Acceptance filed a petition for forcible detainer.[2] The justice court awarded Ag Acceptance possession of the property. Terra then appealed to the county court for a trial *de novo.*[3] Both parties filed motions for summary judgment. The county court granted summary judgment in favor of Ag Acceptance. This appeal followed.

Analysis

*Texas Property Code § 24.007*

Terra's second issue challenges the trial court's grant of Ag Acceptance's motion for summary judgment and its denial of Terra's motion for summary judgment. By its third issue, Terra contends a fact issue was raised regarding Ag Acceptance's capacity to maintain the forcible detainer action, and by its fourth issue contends the trial court erred by failing to strike an affidavit among Ag Acceptance's summary judgment evidence and by denial of discovery on the subjects addressed in the affidavit. Terra's fifth and sixth

---

[2] This is the third of four appeals that have reached us from litigation arising from Ag Acceptance Corporation's foreclosure on the property. *See Terra XXI, Ltd. v. Harmon*, No. 07-06-0193-CV, 2007 WL 2032780 (Tex.App.–Amarillo July 16, 2007, no pet.) (mem. op.) (affirming summary judgment in favor of substitute trustee), *Terra XXI Ltd. v. Ag Acceptance Corp.,* No. 07-04-0325-CV, 2004 WL 2559940 (Tex.App.–Amarillo 2004, no pet.) (mem. op.) (affirming district court's denial of injunctive relief against forcible detainer action). Additional recitation of the facts behind the foreclosure can be found in our two previous opinions. We have pending the appeal from the judgment in favor of Ag Acceptance Corporation following the district court's disposition of Terra's claims against it. *Terra XXI Ltd. v. Ag Acceptance Corp.*, No. 07-07-0374-CV.

[3] *See* Tex. Prop. Code Ann. § 24.004 (Vernon 2000).

issues present appellants Robert and Ella Marie Veigel's contention that the trial court erred by granting summary judgment against their claimed homestead rights in 200 acres of the property. Ag Acceptance responds that we lack jurisdiction under Property Code § 24.007 to address the issues. We agree with Ag Acceptance.

Section 24.007 of the Property Code states, in part, "A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only." Tex. Prop. Code Ann. § 24.007 (Vernon 2000). Applying this statutory limitation on appellate jurisdiction, courts of appeals have found they lack authority to review determinations of the right of possession and findings essential to the issue of possession, but have reviewed trial court rulings on issues other than possession. *See Volume Millwork, Inc. v. West Houston Airport Corp.,* 218 S.W.3d 727 (Tex.App.–Houston [1ˢᵗ Dist.] 2006, pet. denied) (finding no jurisdiction to review issues of landlord's capacity to evict or award of possession to landlord, but reviewing sufficiency of evidence supporting damages and attorney's fees); *Carlson's Hill Country Beverage, L.C. v. Westinghouse Road Joint Venture*, 957 S.W.2d 951, 952-53 (Tex.App.–Austin 1997, no pet.) (finding § 24.007 precluded review of issue of possession but reviewing challenges to damages and attorney's fees awarded); *A.V.A. Services, Inc. v. Parts Indus. Corp.*, 949 S.W.2d 852, 853 (Tex.App.–Beaumont 1997, no writ) (finding no jurisdiction over points relating to judgment awarding possession, but reviewing monetary judgment). Here, the county court awarded no relief other than possession of the property.[4] It is undisputed that the property subject to the court's

---

[4] *See also Chang v. Resolution Trust Corp.*, 814 S.W.2d 543, 545 (Tex.App.–Houston [1st Dist.] 1991) (orig. proceeding) (declining to grant injunctive relief or writ of prohibition sought to protect pending appellate jurisdiction because court of appeals had

3

judgment, comprising more than eight sections of land in Deaf Smith County, was not used for residential purposes only. Terra's issue two, and its issues five and six regarding the Veigels' homestead claim, directly challenge the court's ruling on the issue of possession. Its third issue addresses Ag Acceptance's capacity to seek possession through forcible detainer, and its fourth issue challenges evidentiary and procedural rulings of the county court, both of which issues challenge essential findings on the issue of possession. *See Volume Millwork*, 218 S.W.3d at 727 (treating landlord's capacity or authority to proceed against tenant as essential finding on issue of possession); *A.V.A. Services*, 949 S.W.2d at 857 (also treating challenge to authority of foreign corporation to maintain forcible entry and detainer as question of possession). Again, the court awarded no relief but possession. Accordingly, we are precluded by § 24.007 from review of Terra's second, third, fourth and fifth issues.

*Jurisdiction of Courts Below*

Terra's first issue asserts the justice court and county court lacked subject matter jurisdiction over the forcible detainer action because, it contends, the question of entitlement to possession of the property also involved questions of title. The sole issue in a forcible detainer action is which party has the right to immediate possession of the property. *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex.App.–San Antonio 2001, pet. dism'd w.o.j.). In a forcible detainer proceeding, "the merits of the title shall not be adjudicated." Tex. R. Civ. P. 746. Accordingly, to prevail in a forcible detainer action, the plaintiff need not prove title but merely present sufficient evidence of ownership

no pending appellate jurisdiction to protect over judgment in forcible detainer action that awarded possession of commercial property).

to demonstrate a superior right to immediate possession. *Dormady*, 61 S.W.3d at 557, citing *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex.App.–Houston [14th Dist.] 1993, no writ).

There may exist in a case, however, a question of title so intertwined with the issue of possession as to preclude adjudication of the right to possession without first determining title. In such a case involving a genuine issue of title, neither the justice court nor the county court on appeal, has jurisdiction.[5] *Dormady*, 61 S.W.3d at 557-58; *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex.App.–Houston [1st Dist.] 1995, writ denied). Terra contends that it raised title questions that deprived the justice and county courts of jurisdiction.

We addressed this contention in 2004 in the first of Terra's appeals arising from the foreclosure. *Terra XXI, Ltd. v. Ag Acceptance Corp.,* No. 07-04-0325-CV, 2004 WL 2559940 *(*Tex.App.–Amarillo Nov. 10, 2004, pet. dism'd w.o.j.) (mem. op.). There we cited *Villalon v. Bank One*, 176 S.W.3d 66 (Tex.App.–Houston [1st Dist.] 2004, pet. denied), among other cases, in support of our conclusion Terra had not shown a probable basis for recovery on the issue of the justice court's jurisdiction. Like here, in *Villalon* the foundation for the forcible detainer action arose under the terms of a deed of trust, by which, after foreclosure, the grantor became a tenant at sufferance. *Villalon,* 176 S.W.3d at 68-69.[6] The grantor there argued that Bank One's failure to comply with a federal debt collection

---

[5] A justice court may not adjudicate title to land. Tex. Gov't Code Ann. § 27.031(b)(4) (Vernon 2007).

[6] Our 2004 opinion quotes the language from the deed of trust. *Terra XXI, Ltd. v. Ag Acceptance Corp.,* No. 07-04-0325-CV, 2004 WL 2559940*, *1-2 *(*Tex.App.–Amarillo Nov. 10, 2004, pet. dism'd w.o.j.) (mem. op.). Under Property Code § 24.002, those who may commit a forcible detainer include "a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease." Tex. Prop. Code Ann. § 24.002(a)(2) (Vernon 2000).

statute made the foreclosure wrongful, precluding the bank's enforcement of the tenant at sufferance language. *Id*. at 70. The appellate court disagreed, finding the post-foreclosure tenant at sufferance relationship established by the terms of deed of trust provided a basis for a determination of the right to immediate possession of the property, apart from a determination whether the trustee's deed should be set aside because of wrongful foreclosure. *Id*. at 71. The presence of the wrongful foreclosure issue thus did not preclude the bank's pursuit of forcible detainer in the justice court.

Other courts have reached similar conclusions in cases in which forcible detainer actions were based on tenant at sufferance language in deeds of trust. *See Dormady*, 61 S.W.3d at 559*; Rice v. Pinney*, 51 S.W.3d 705 (Tex.App.–Dallas 2001, no pet.). The courts in *Rice* and *Dormady* distinguished such situations from that presented in *Mitchell*, in which the entitlement to immediate possession depended solely on title to the property in question under a home improvement note and mechanic's lien contract. *Dormady*, 61 S.W.3d at 559; *Rice*, 51 S.W.3d at 711-12 (both citing *Mitchell*, 911 S.W.2d at 170).

Having re-examined the question on the record before us in this appeal, we reach the same conclusion as in our 2004 opinion. The title issues Terra raises are similar in nature to those raised in *Rice*. *See Rice,* 51 S.W.3d at 709-13. They are not so intertwined with the issue of Ag Acceptance's entitlement to immediate possession under its trustee's deed and the terms of the deed of trust as to deprive the justice court of jurisdiction over the possession issue. We overrule Terra's first issue.

By its seventh issue, Terra raises another issue it perceives as jurisdictional. It contends the county court erred by refusing to dismiss the appeal from the justice court

despite what Terra describes as "motions and pleadings" requesting that it do so.[7]

Terra's appellate contention is premised on its assertion that Ag Acceptance's pleadings in the justice court asked for rent in excess of the court's jurisdictional amount.[8] Terra asserts the justice court thus lacked jurisdiction over the proceeding. As Ag Acceptance points out, Terra's premise is faulty. Ag Acceptance's petition for forcible detainer contained no plea for rent. It plead for attorney's fees and costs, in an amount within the jurisdictional limits of the court. *See* Tex. Prop. Code Ann. § 24.006 (Vernon 2000). We see nothing about Ag Acceptance's pleadings in the justice court that casts doubt on that court's jurisdiction, and we overrule Terra's seventh issue.

Having overruled each of Terra's issues, we affirm the trial court's judgment.


James T. Campbell
Justice

Pirtle, J., dissents.

_____

_____

[7] Although we do not base our disposition of the issue on it, we note Terra does not cite us to a location in the record at which it raised in the county court the contention its seventh issue presents, and our review of the record has not revealed that it did so.

[8] Terra points to language in the justice court's judgment that it interprets as awarding Ag Acceptance a money judgment. Ag Acceptance responds that the language simply set the amount of the appeal bond. *See* Tex. R. Civ. P. 749. We need not resolve the parties' conflicting interpretations of the justice court's judgment.

7