TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-10-00502-CV




James Salvagio, Trustee for the Gulf Coast Arms, a Non-Profit Trust, Appellant

v.

Capital Farm Credit, FCLA, Appellee




FROM THE COUNTY COURT AT LAW OF FAYETTE COUNTY
NO. 3491, HONORABLE EDWARD F. JANECKA, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N

                        Appellant James Salvagio, acting in his capacity as trustee for Gulf Coast Arms,
appeals from the county court’s judgment in favor of appellee Capital Farm Credit, FCLA (“Capital
Farm”), in Capital Farm’s suit for forcible detainer in connection with certain agricultural property
located in Fayette County. Capital Farm has filed a motion to dismiss, asserting that this Court does
not have jurisdiction over the appeal in light of section 24.007 of the property code, which states,
in relevant part, “A final judgment of a county court in an eviction suit may not be appealed on the
issue of possession unless the premises in question are being used for residential purposes only.” 
Tex. Prop. Code Ann. § 24.007 (West 2000). In its order on a motion to reconsider the approval of
Salvagio’s supersedeas bond, the trial court made an express finding that the agricultural property
at issue here is “not being used for residential purposes only.”


 Accordingly, we lack jurisdiction
to review the county court’s determination of the right of possession and any findings essential to
the issue of possession. See id; see also Terra XXI, Ltd. v. Ag Acceptance Corp., 280 S.W.3d 414,
416 (Tex. App.—Amarillo 2008, pet. denied) (collecting cases). 
                        The county court’s judgment concerns only possession of the premises, awarding the
right of immediate possession to Capital Farm. While the order also awards Capital Farm its
reasonable and necessary attorney’s fees, this Court has held that section 24.007 bars an appeal of
the issue of attorney’s fees when the fee award is contingent on the issue of possession. See West
Anderson Plaza v. Feyznia, 876 S.W.2d 528, 537 (Tex. App.—Austin 1994, no writ) (holding that
where landlord’s right to recover fees was based on entitlement to possession, tenant could not
challenge fee award on appeal). But cf. Carlson’s Hill Country Beverage, L.C. v. Westinghouse
Road Joint Venture, 957 S.W.2d 951, 955 n.6 (Tex. App.—Austin 1997, no pet.) (holding that
appeal of fee award was not barred by section 24.007 because appellant’s assertion that amount of
award was beyond court’s jurisdictional limits did not depend on issue of possession). Here, there
is no indication that Salvagio seeks to appeal the fee award for any reason not contingent on the right
of possession. As previously noted, Salvagio did not respond to Farm Credit’s motion to dismiss. 
                        In light of the foregoing, we grant Farm Credit’s motion and dismiss this appeal for
want of jurisdiction. 
 
 
 
___________________________________________          Diane M. Henson, Justice 
Before Chief Justice Jones, Justices Patterson and Henson
Dismissed on Appellee’s Motion
Filed: November 12, 2010