# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00502-CV

**James Salvagio, Trustee for the Gulf Coast Arms, a Non-Profit Trust, Appellant**

**v.**

**Capital Farm Credit, FCLA, Appellee**

### FROM THE COUNTY COURT AT LAW OF FAYETTE COUNTY
### NO. 3491, HONORABLE EDWARD F. JANECKA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant James Salvagio, acting in his capacity as trustee for Gulf Coast Arms, appeals from the county court's judgment in favor of appellee Capital Farm Credit, FCLA ("Capital Farm"), in Capital Farm's suit for forcible detainer in connection with certain agricultural property located in Fayette County. Capital Farm has filed a motion to dismiss, asserting that this Court does not have jurisdiction over the appeal in light of section 24.007 of the property code, which states, in relevant part, "A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only." Tex. Prop. Code Ann. § 24.007 (West 2000). In its order on a motion to reconsider the approval of Salvagio's supersedeas bond, the trial court made an express finding that the agricultural property

at issue here is "not being used for residential purposes only."[1] Accordingly, we lack jurisdiction to review the county court's determination of the right of possession and any findings essential to the issue of possession. *See id*; *see also Terra XXI, Ltd. v. Ag Acceptance Corp.*, 280 S.W.3d 414, 416 (Tex. App.—Amarillo 2008, pet. denied) (collecting cases).

The county court's judgment concerns only possession of the premises, awarding the right of immediate possession to Capital Farm. While the order also awards Capital Farm its reasonable and necessary attorney's fees, this Court has held that section 24.007 bars an appeal of the issue of attorney's fees when the fee award is contingent on the issue of possession. *See West Anderson Plaza v. Feyznia*, 876 S.W.2d 528, 537 (Tex. App.—Austin 1994, no writ) (holding that where landlord's right to recover fees was based on entitlement to possession, tenant could not challenge fee award on appeal). *But cf. Carlson's Hill Country Beverage, L.C. v. Westinghouse Road Joint Venture*, 957 S.W.2d 951, 955 n.6 (Tex. App.—Austin 1997, no pet.) (holding that appeal of fee award was not barred by section 24.007 because appellant's assertion that amount of award was beyond court's jurisdictional limits did not depend on issue of possession). Here, there is no indication that Salvagio seeks to appeal the fee award for any reason not contingent on the right of possession. As previously noted, Salvagio did not respond to Farm Credit's motion to dismiss.

In light of the foregoing, we grant Farm Credit's motion and dismiss this appeal for want of jurisdiction.

---

[1] Despite being notified of his opportunity to file a response to Farm Credit's motion to dismiss, Salvagio has not filed a response or otherwise disputed the contention that the property at issue is not being used solely for residential purposes.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Patterson and Henson

Dismissed on Appellee's Motion

Filed:   November 12, 2010