Opinion issued February
10, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00180-CV

———————————

Sonja Leonard, Appellant

V.

Olayinka O. Olawale, Appellee



 



 

On Appeal from County Civil Court at
Law No. 4

Harris County, Texas



Trial Court Case No. 926,682

 



 

 

MEMORANDUM OPINION

 

          This is an appeal from the statutory
county court’s judgment awarding possession of a residence to appellee Olayinka
O. Olawale based on appellant Sonja Leonard’s nonpayment of rent.[1]  The forcible‑detainer suit was
originally filed by Olawale in the justice court against Leonard, and the
justice court rendered judgment for Olawale. 
See Olawale v. Leonard, No. EV71C0035513 (J.P. Ct. Precinct 7, Pl. 1,
Harris County, Tex., Aug. 28, 2008).  Leonard
appealed to the statutory county court.  Tex. R. Civ. P. 749.

          The
statutory county court conducted a trial de novo.  See
Tex. R. Civ. P. 751 (appeal is by
trial de novo).  Olawale tendered a
certified copy from the Harris County Clerk of a special warranty deed to the real
estate, which was admitted.  The deed states
that the real estate was sold by SC Paxton I, LLC to Real Rock, LLC.  Olawale also tendered a certified copy from
the Texas Secretary of State of the certificate of formation for Real Rock,
LLC, which was admitted.  The certificate
of formation states that Olawale is the manager of Real Rock, LLC, and Olawale
testified at trial that he had authority to purchase property for Real Rock,
LLC.  The trial court rendered judgment awarding
possession to Olawale.         Leonard
filed a motion for new trial in which she: (1) requested abatement and
consolidation of the case with a proceeding in district court, which she
claimed concerned the same property; (2) challenged the factual sufficiency of
the evidence because “Plaintiff did not prove he purchased the property”; (3)
claimed the judgment recited an incorrect trial date; (4) asserted that title
was in question and the court therefore had no jurisdiction; (5) claimed the
trial court erred in finding that Olawale’s documents “did not show clear
change of title between seller and buyer”; and (6) claimed the trial court
erred in “accepting a document that is questionably signed under the state of
Texas by a notary in New York State.” 
The motion for new trial was overruled by operation of law.  See
Tex. R. Civ. P. 329b(c).

          The
trial court signed findings of fact and conclusions of law filed by
Olawale.  Among other things, the trial
court found that the special warranty deed was executed in New York and
concluded that Texas should give full faith and credit to the New York
notarization.

          Leonard
raises two issues in her appellant’s brief. 
First, she challenges the trial court’s jurisdiction on the basis that
title to the real estate was at issue. 
Leonard contends she raised the issue of title in the statutory county
court because her answer to the petition (1) stated “Plaintiff does not have
clear title to [the real estate]” and (2) requested abatement because of a trial
in district court concerning the same property. 
Nothing in the appellate record, however, demonstrates that Leonard (1)
made a separate request, objection, or motion during trial concerning the
alleged issue of title or abatement or (2) obtained a ruling from the trial
court.  See Tex R. App. P.
33.1 (requiring preservation of error for appeal).  Leonard also refers in her appellate brief to
documents that were not admitted in evidence at trial to attempt to demonstrate
defects in title to the real estate.

          We
agree that the justice court has jurisdiction over forcible‑detainer
suits, but does not have jurisdiction over a suit for trial of title to
land.  See Tex. Gov’t Code Ann.
§ 27.031(b)(4) (West Supp.
2010) (justice court has no jurisdiction over suit for trial of title to land);
Tex. Prop. Code Ann. § 24.004 (West 2000) (justice court has
jurisdiction over forcible‑detainer suits).  In a forcible‑detainer case, the only
issue is the right to actual possession, and the merits of the title cannot be
adjudicated.  Tex. R. Civ. P. 746. 
On trial de novo, the statutory county court has the same jurisdiction
as the justice court.  See Terra
XXI, Ltd. v. AG Acceptance Corp., 280 S.W.3d 414, 417 (Tex. App.—Amarillo 2008,
pet. denied).  

If it becomes apparent that a
genuine issue regarding title exists in a forcible‑detainer suit, the
court does not have jurisdiction over the matter.  Mitchell
v. Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex. App.—Houston [1st
Dist.]  1995, writ denied).

          Leonard’s
only trial objection to the admission of the certified copy of the special
warranty deed, which the trial court overruled, was that “the quality of the
deed . . . looks like it was cut and paste.” 
The only question about the validity of the deed was raised by the trial
court and concerned the issue of whether the deed was signed in Texas and
notarized by a New York notary.  The
trial court later specifically found that the special warranty deed was
executed in New York.  Leonard did not
raise the issue of title at trial, and the trial court did not rule on the
validity of title.

          We
hold that the issue of title to the real estate was not before the trial court
and that the trial court had subject‑matter jurisdiction over the
forcible‑detainer suit.  We
overrule issue one.

          In her second issue, Leonard challenges the sufficiency of
the evidence to support a finding that Olawale had a superior right to
possession.  We interpret this as a
factual sufficiency challenge because it was first raised in Leonard’s motion
for new trial.  In reviewing a challenge to the factual
sufficiency
of the evidence, we must consider and weigh all the evidence and should set
aside the judgment only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996) (citing Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986)); Arias
v. Brookstone, L.P., 265
S.W.3d 459, 468 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

          Leonard’s
only argument against the sufficiency of the special warranty deed is the trial
court’s statement that the deed was not valid. 
The trial court, however, subsequently found that the deed was executed
in New York and was valid.  Leonard does
not provide any argument or authority for the proposition that a deed for real
property located in Texas cannot be signed by a grantor outside of Texas and the
grantor’s signature cannot be acknowledged by a notary in the jurisdiction
where the deed was signed.  We know of no
such authority.

          Considering and weighing all the
evidence, we conclude that the trial court’s judgment is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  We overrule issue two.

          Leonard
filed a reply brief that raises one additional issue, claiming that her right
to possession was protected by a supersedeas bond filed during a previous
appeal to the Fourteenth Court of Appeals from a separate trial‑court
proceeding.  See Leonard v. J. P. Morgan,
No. 14‑08‑00472‑CV (Tex. App.—Houston [14th Dist.] July 31,
2008, no pet.) (mem. op.).  Olawale has
filed a motion to strike the reply brief because it addresses matters that are
not raised in his brief.  See Tex.
R. App. P. 38.3 (“appellant may file a reply brief addressing any matter
in the appellee’s brief”).  We grant
Olawale’s motion to strike the portion of Leonard’s reply brief that raises a
new issue.  See Zamarron v. Shinko Wire
Co., 125 S.W.3d 132, 139 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)
(holding that appellate complaints brought for first time in reply brief are
waived).  We note that Leonard’s new
issue, however, was not preserved for appeal in the trial court under Texas
Rule of Appellate Procedure 33.1.

          In
his appellee’s brief, Olawale         requests
attorney’s fees for what he deems a frivolous suit and appeal, citing Texas
Rule of Civil Procedure 13 and relying on an affidavit for attorney’s fees that
was not offered as evidence in the trial court. 
We deny the request.

          We
affirm the trial court’s judgment.

 

 

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

 











[1]           See Tex. Prop. Code Ann. §§
24.001–.011 (West 2000 & Supp. 2010) (forcible‑entry‑and‑detainer suits); Tex. R. Civ. P. 738–755
(same).