**Affirmed and Memorandum Opinion filed October 11, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-00698-CV

### ROBERT BITTINGER, Appellant

### V.

### WELLS FARGO, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1, Appellee

**On Appeal from the County Civil Court-at-Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 958124**

## MEMORANDUM OPINION

Robert Bittinger appeals the trial court's judgment in favor of Wells Fargo, N.A. as Trustee for the Certificateholders of Soundview Home Loan Trust 2007-Opt1, Asset-Backed Certificates, Series 2007-Opt1 ("Wells Fargo"), on its forcible detainer action against Bittinger. We affirm.

### BACKGROUND

On January 5, 2010, Wells Fargo purchased the subject property at a non-judicial foreclosure sale. On January 26, 2010, Wells Fargo sent Bittinger a letter advising that it

had purchased the property at the January 5, 2010 foreclosure sale, and demanding that Bittinger vacate the premises by January 29, 2010. On February 10, 2010, after Bittinger failed to vacate the premises, Wells Fargo filed a forcible detainer action against Bittinger in the justice of the peace court seeking a judgment for possession of the property.

On March 3, 2010, the justice court signed the judgment in favor of Wells Fargo, awarding it possession of the property. Bittinger appealed the justice court's judgment to the county court at law for trial de novo. On May 24, 2010, the county court at law signed the final judgment giving Wells Fargo possession of the property and, on July 6, 2010, denied Bittinger's motion for new trial. This appeal followed.

## ANALYSIS

By both issues on appeal, Bittinger claims that the justice court and the trial court lacked jurisdiction to determine the issue of possession in the forcible detainer action. Specifically, Bittinger urges that the court was without jurisdiction because (1) Wells Fargo failed to provide documents showing a right to ownership and (2) Wells Fargo's foreclosure was wrongful. Thus, Bittinger ultimately contends the question of title is intertwined with the question of possession, depriving the trial court of jurisdiction over the possession question.

Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial de novo. *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dis'm w.oj.) (op. on reh'g). A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. *Mekeel v. U.S. Bank Nat'l Ass'n*, No. 08-10-00122-CV, — S.W.3d —, 2011 WL 3715936, at *2 (Tex. App.—El Paso Aug. 24, 2011, no pet. h.); *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 470 (Tex. App.— Dallas 2010, pet. dism'd w.o.j.). A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on title. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Shutter*, 318

2

S.W.3d at 470. To maintain simplicity, Rule 746 provides that, "[i]n case of forcible entry or of forcible detainer . . . , the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746; *see also Marshall*, 198 S.W.3d at 785; *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.). To prevail, it is not necessary for the plaintiff to prove title to the property; rather, the plaintiff is only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Terra XXI, Ltd. v. AG Acceptance Corp.*, 280 S.W.3d 414, 417 (Tex. App.—Amarillo 2008, pet. denied); *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ).

However, when the issue of immediate possession requires resolution of a title dispute, neither the justice court nor the county court at law have jurisdiction to render a judgment for possession. *Elwell*, 267 S.W.3d at 568; *Dormady*, 61 S.W.3d at 557. Specifically, if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title. *Villalon*, 176 S.W.3d at 70; *Dormady*, 61 S.W.3d at 557.

In a forcible detainer action pursuant to section 24.002 of the Texas Property Code, the plaintiff is required to show that (1) it owned the property by virtue of a deed; (2) the defendant became a tenant-at-sufferance when the property was sold; (3) it gave proper notice to the defendant requiring him to vacate the premises; and (4) the defendant refused to vacate the premises. *See Elwell*, 267 S.W.3d at 568–69 (citing TEX. PROP. CODE ANN. § 24.002 (West 2000)).

Here, Bittinger contests Wells Fargo's ownership and a resulting lack of jurisdiction. Specifically, Bittinger urges that Wells Fargo failed to make a *prima facie* showing of ownership by offering "evidence that a Note exists, that they were the legal owner or holder in due course, or a default even occurred." However, the cases upon

which Bittinger relies for these elements are not forcible detainer cases, and such proof is not required here.

Instead, Bittinger's arguments concerning whether Wells Fargo can prove that it is a legal owner or holder in due course because of defects in the foreclosure, such as whether Wells Fargo acted beyond its authority in foreclosing or whether Wells Fargo was a "perfect stranger" to the subject property before the sale, are complaints that Wells Fargo wrongfully foreclosed on the property. It is undisputed that Wells Fargo provided the trial court with a foreclosure sale deed which, on its face, purports to transfer the property to Wells Fargo. Thus, Wells Fargo made a *prima facie* case on ownership for forcible detainer.

The defects, if any, regarding the foreclosure and sale of the property may not be considered in a forcible detainer action. *Mekeel*, 2011 WL 3715936, at *6; *Shutter*, 318 S.W.3d at 471. Determination of title is independent of the county court's determination in the forcible detainer action regarding the right to immediate possession of the property. *Villalon*, 176 S.W.3d at 71; *Dormady*, 61 S.W.3d at 559. Because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, the displaced party is entitled to bring a separate suit in the district court to determine the question of title. *Villalon*, 176 S.W.3d at 70; *Dormady*, 61 S.W.3d at 558. Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district courts *Villalon*, 176 S.W.3d at 70–71; *Dormady*, 61 S.W.3d at 558.

Here, Wells Fargo's forcible detainer action was not the proper proceeding for Bittinger to attack the underlying foreclosure. Rather, Bittinger should have pursued such defect, if any, in a wrongful foreclosure action or suit to set aside the foreclosure sale deed in district court. *Shutter*, 318 S.W.3d at 471 ("Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action. . . . Those defects may be pursued in suits for wrongful foreclosure or to

4

set aside the substitute trustee's deed, but they are not relevant in this forcible detainer action."); *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927 (Tex. App.— Dallas 2010, no pet.) ("Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action. Those defects may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in this forcible detainer action."); *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (holding that the appellant's allegations concerning the propriety of the foreclosure or challenges to Countrywide's deed or title based on Countrywide's failure to prove that it had authority to foreclose could not be considered in forcible detainer action); *Villalon*, 176 S.W.3d at 71 (holding that the appellant had the right to sue in district court to determine whether the bank's deed should be cancelled because of wrongful foreclosure based on the bank's failure to comply with a federal debt collection statute); *Dormady*, 61 S.W.3d at 559 ("Dormady has the right to sue in district court to determine whether the trustee's deed should be cancelled because of foreclosure irregularities, independent of the trial court's determination in the forcible detainer action that Dinero is entitled to immediate possession of the property.").

Bittinger also argues that the trial court abused its discretion by denying his motion for new trial because "new evidence" he attached would support his claim that Wells Fargo was not the trustee for the deed of trust, the lender, or the holder in due course, and that correct procedures were not followed in the foreclosure sale. A party seeking a new trial on grounds of newly discovered evidence must demonstrate that (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). The trial court's ruling on a motion for new trial is addressed to the trial court's sound discretion and will not be disturbed in the absence of an abuse of discretion. *Jackson v.*

*Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983), *overruled in part on other grounds by Moritz v. Priess*, 121 S.W.3d 715, 721 (Tex. 2003).

Bittinger's motion for new trial attacked the validity of the foreclosure sale—an issue that the trial court could not properly address in the forcible detainer action. We conclude that the trial court did not abuse its discretion by denying Bittinger's motion for new trial. We overrule Bittinger's issues.

Having overruled Bittinger's issues, we affirm the trial court's judgment.

/s/    Sharon McCally
Justice

Panel consists of Justices Brown, Boyce, and McCally.