

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00144-CV

CHRIS LEISS AND ALL                                      APPELLANTS
OCCUPANTS

V.

FEDERAL NATIONAL MORTGAGE                         APPELLEE
ASSOCIATION A/K/A FANNIE MAE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants Chris Leiss and All Occupants (collectively, Leiss), pro se, appeal the county court's judgment awarding possession of real property to Appellee Federal National Mortgage Association a/k/a Fannie Mae. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Leiss executed a promissory note in March 2008 in the principal amount of $185,000. To secure the debt created by the note, Leiss executed a home equity security instrument that granted the lender a security interest in real property located at 820 Forest Crossing Dr., Hurst, Texas 76053 (the property). The instrument contained the following provision:

> If the Property is sold pursuant to this Section 22, [Leiss] or any person holding possession of the Property through [Leiss] shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, [Leiss] or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Leiss defaulted under the terms of the security instrument, and a substitute trustee was appointed to conduct a foreclosure sale of the property. Fannie Mae purchased the property on November 1, 2011, and later sent written notice to Leiss demanding that he vacate the property. In January 2012, Fannie Mae filed a petition for forcible detainer in the justice court, alleging that Leiss had failed to vacate, and was therefore in wrongful possession of, the property. The justice court awarded Fannie Mae possession of the property, and Leiss pursued an appeal in the county court, which, after a brief bench trial, found that Fannie Mae was entitled to possession of the property and to attorney's fees.[2]

In a single issue, Leiss challenges the sufficiency of the evidence to support the county court's judgment awarding possession of the property to

---

[2]Leiss did not appear at the trial in the county court.

Fannie Mae and argues that the foreclosure sale was invalid because he did not receive proper notice of the sale.[3]

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960).

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined. *See Cattin v. Highpoint Vill. Apartments*, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.). Forcible detainer actions are intended to be a summary, speedy, and inexpensive remedy for resolving the question of who is entitled to immediate possession of real property. *Id.* Rule of civil procedure 746 provides that "the only issue shall be as to the right to actual possession[,] and the merits of the title shall not be adjudicated." Tex. R. Civ. P. 746. Thus, to prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate

---

[3]We construe Leiss's sufficiency argument as a challenge to the legal sufficiency of the evidence.

possession. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Generally, any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action. *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.); *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) ("Whether a sale of property under a deed of trust is invalid may not be determined in a forcible detainer but must be brought in a separate suit."). A forcible detainer action is cumulative, not exclusive, of other remedies that a party may have; thus, the party may pursue both a forcible detainer action in justice court and a suit to quiet title in district court. *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936). There may exist, however, a question of title so intertwined with the issue of possession as to preclude adjudication of the right to possession without first determining title. *Terra XXI, Ltd. v. AG Acceptance Corp.*, 280 S.W.3d 414, 417 (Tex. App.—Amarillo 2008, pet. denied). In such a case, neither the justice court nor the county court on appeal has jurisdiction. *Id.*

At trial, Fannie Mae offered, and the trial court admitted, three exhibits: (1) the home equity security instrument, (2) a substitute trustee's deed, and (3) several notices demanding that Leiss vacate the property. The security instrument evidenced Leiss's status as a tenant at sufferance; the substitute trustee's deed evidenced Fannie Mae's purchase of the property; and the notices

4

to vacate evidenced Fannie Mae's written notifications to Leiss that Fannie Mae had purchased the property and that Leiss had to vacate the property. We hold that the evidence is legally sufficient to support the trial court's finding that Fannie Mae demonstrated a superior right to immediate possession of the property.

To the extent Leiss argues that the foreclosure sale was invalid, that consideration is beyond the scope of this forcible detainer proceeding. *See Shutter*, 318 S.W.3d at 471; *Williams*, 315 S.W.3d at 927. Moreover, we cannot conclude, based on this record—one in which Leiss did not even appear at trial and present any evidence or arguments—that the trial court was incapable of adjudicating the right to immediate possession of the property without addressing any matters of title. *See, e.g., Reynolds v. Wells Fargo Bank, N.A.*, 245 S.W.3d 57, 60–61 (Tex. App.—El Paso 2008, no pet.) (reasoning similarly).

Accordingly, we overrule Leiss's only issue and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED: April 25, 2013

5