

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00416-CV

MARVIN BRITTINGHAM,                                    APPELLANTS
AND ALL OTHER OCCUPANTS
OF 3402 JAYWOOD COURT,
ARLINGTON, TEXAS  76017

V.

FEDERAL HOME LOAN                                      APPELLEE
MORTGAGE CORPORATION

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Marvin Brittingham and All Other Occupants of 3402 Jaywood

Court, Arlington, Texas  76017,[2] (Brittingham) appeal the county court's judgment

---

[1]*See* Tex. R. App. P. 47.4.

in a forcible detainer action in which the court awarded possession of real estate to Federal Home Loan Mortgage Corporation (Freddie Mac).[3] In three issues, Brittingham argues that the county court erred by granting judgment for Freddie Mac because (1) Freddie Mac failed to meet its burden of proof for a forcible detainer, (2) Freddie Mac did not give Brittingham proper notice to vacate, and (3) the county court improperly prevented Brittingham from introducing evidence of his superior right to title to the property. We will affirm.

## II. BACKGROUND

Brittingham purchased real property located at 3402 Jaywood Court, Arlington, Texas 76017, and executed a deed of trust with Wells Fargo to secure a note on May 18, 2007. When Brittingham defaulted under the terms of the instrument, Wells Fargo sold the property at a non-judicial foreclosure sale by a substitute trustee to Freddie Mac on February 1, 2011. Brittingham failed to vacate the property after Freddie Mac sent him a notice to vacate by first-class and certified mail. The business records affidavit of Mario Valverde, the eviction coordinator at Freddie Mac's law firm, shows that the certified letter was returned

---

[2]The original petition filed in the justice court, the citation, Freddie Mac's notice of appeal to the county court, the county court's judgment, the deed of trust, and the substitute trustee's deed list the property's zip code as 76017, while Brittingham's original answer, notice of appeal to this court, and other documents filed with this court list the zip code as 75034. We use the zip code 76017 because that is the zip code listed in the deed of trust and substitute trustee's deed.

[3]See Tex. Prop. Code Ann. § 24.002 (West 2000).

to the sender, but it does not indicate that the first-class mail was ever returned. As a result, Freddie Mac filed a forcible detainer action in a justice court to obtain immediate possession of the property. In response, Brittingham filed a motion to dismiss the case for lack of subject-matter jurisdiction, or in the alternative, a plea in abatement. The justice court dismissed the case, but the record does not indicate the reason for the dismissal. Freddie Mac appealed to the county court at law and after conducting a de novo bench trial, the county court awarded Freddie Mac possession of the property. Later, Brittingham filed a motion for new trial, which the county court denied by written order. This appeal followed.

### III. DISCUSSION

#### A. Forcible Detainer

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined. *See Cattin v. Highpoint Vill. Apartments*, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.). Forcible detainer actions are intended to be a summary, speedy, and inexpensive remedy for resolving the question of who is entitled to immediate possession of the real property. *Id.* To prevail in a forcible detainer action under section 24.002 of the Texas Property Code, the plaintiff must show the following: (1) the plaintiff owns the property, (2) the defendant became a tenant at sufferance when the property was purchased under the deed of trust, (3) the plaintiff gave proper notice to defendant to vacate the premises, and (4) the defendant refused to vacate the premises. *See* Tex. Prop. Code Ann. § 24.002;

3

*see also Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568–69 (Tex. App.—Dallas 2008, pet dism'd w.o.j.).

## B.      Notice to Vacate

We first address Brittingham's second issue in which he argues that the trial court erred by finding that Freddie Mac provided him with the statutorily required notice to vacate.  *See* Tex. Prop. Code Ann. §§ 24.002, 24.005 (West Supp. 2012).   Specifically, Brittingham contends that Freddie Mac failed to establish that it made a written demand to vacate because it offered no evidence showing that the notice was given to him in person or delivered to his address. *See id.* § 24.005(f).  In response, Freddie Mac asserts that it presented sufficient evidence to show that it sent the proper notice to vacate, arguing that Brittingham failed to rebut the presumption of delivery because he did not introduce any substantive proof negating receipt of the first-class notice.

Section 24.005(b) entitles Brittingham to three days' written notice to vacate before Freddie Mac filed a forcible detainer suit.  *Id.* § 24.005(b).  Under section 24.005(f), notice "shall be given in person or by mail at the premises in question. . . .   Notice by mail may be by regular mail . . . or by certified mail, return receipt requested, to the premises in question."  *Id.* § 24.005(f).  When a letter, properly addressed and postage prepaid, is mailed, there exists a presumption that the notice was duly received by the addressee.  *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994) (orig. proceeding [mand. granted]).  This presumption may be rebutted by an offer of proof of non-receipt.  *Id.*  In the

4

absence of proof to the contrary, the presumption has the force of a rule of law. *Id.*

Brittingham relies on a copy of the certified mail envelope that says "RETURN TO SENDER UNCLAIMED UNABLE TO FORWARD" and his own sworn testimony that he never received the notice to argue that Freddie Mac failed to give him proper notice to vacate. In addition, Brittingham cites *Gore v. Homecomings Fin. Network, Inc.*, No. 05-06-01701-CV, 2008 WL 256830, at *2 (Tex. App.—Dallas Jan. 31, 2008, no pet.) (mem. op., not designated for publication) where the court held that Homecomings failed to establish that it gave the statutory notice to vacate because "the record affirmatively show[ed] the demand letters sent to Gore were returned unopened and undelivered." *Gore*, however, is distinguishable from this case because in *Gore*, the first-class mail envelope contained notations that affirmatively demonstrated the notice was not delivered. *Id.*

Here, the business records affidavit, which contained an attached copy of the notice letter and copies of the first-class and certified mail envelopes, provided evidence that the letter was sent to Brittingham. *See Fashakin v. Fed. Home Loan Mortg. Corp.*, No. 14-11-01079-CV, 2013 WL 1316694, at *3 (Tex. App.—Houston [14th Dist.] Apr. 2, 2013, pet. filed) (mem. op., not designated for publication) (holding that Freddie Mac established delivery of notice to vacate because the business records affidavit with a copy of the attached letter evidenced that notice was sent to Fashakin by certified and first-class mail).

5

Furthermore, the county court was free to disbelieve Brittingham's testimony that he did not receive the first-class mail; thus, the court did not err by finding that Freddie Mac provided proper notice to vacate. *See Kaldis v. U.S. Bank Nat'l Ass'n*, No. 14-11-00607-CV, 2012 WL 3229135, at *3 (Tex. App.—Houston [14th Dist.] Aug. 9, 2012, pet. dism'd w.o.j.) (mem. op., not designated for publication) (holding that landlord established delivery of notice to vacate by proving that while letters sent to tenant by certified mail were returned unclaimed, letters sent by first-class mail were not, and trial court was free to disbelieve tenant's testimony during bench trial that he did not receive the first-class letters). For these reasons, we overrule Brittingham's second issue.

## C.     Sufficiency of Evidence of Refusal to Vacate

In his first issue, Brittingham challenges the sufficiency of the evidence to support the county court's judgment of possession, arguing that Freddie Mac did not meet the required elements of a forcible detainer because it offered no evidence showing his refusal to leave the property. Additionally, Brittingham claims that because of this lack of evidence, he is not a tenant at sufferance under the deed of trust and no landlord-tenant relationship exists. Freddie Mac claims that Brittingham tacitly conceded that he remained in possession of the property by appealing the county court's judgment in favor of Freddie Mac. We hold that there is sufficient evidence to conclude that Freddie Mac met the required elements of a forcible detainer.

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999).

A no-evidence challenge requires this court to review all evidence in the light most favorable to the verdict, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). In a bench trial, the trial court is the finder of fact and may take into consideration all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Sw. Bell Media, Inc. v. Lyles*, 825 S.W.2d 488, 493 (Tex. App.—Houston [1st Dist.] 1992, writ denied). If more than a scintilla of evidence exists in the record to support the finding, then the no-evidence challenge fails. *See Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 552 (Tex. 2004). A scintilla of evidence is evidence so weak that it creates no more than a surmise or suspicion of the existence of the fact sought to be proven. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

When a proper demand to vacate has been made and when more than a scintilla of evidence has shown that the defendant refused to vacate, courts have rejected the argument that a forcible detainer action fails because there is no evidence of a defendant's refusal to leave the property. *See Mekeel v. U.S. Bank Nat'l Ass'n*, 355 S.W.3d 349, 358–59 (Tex. App.—El Paso 2011, pet. dism'd) (holding that complaint, documents showing Mekeel received notice, and continuing to pursue appeals provided more than a scintilla of evidence of Mekeel's refusal to vacate premises). In *Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *6 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.), the court rejected Rodriguez's argument that there was no evidence that she refused to vacate the property after the demand was made. First, Citimortgage's business records showed that proper notice to vacate was sent to Rodriguez. *Id.* at *1. Second, Rodriguez tacitly conceded that she remained in possession of the property by continuing to appeal the lower courts' judgments awarding Citimortgage possession. *Id.* at *6. The court also held that if Rodriguez had relinquished possession over the property, her appeals concerning competing claims to possession would be moot. *Id.* (citing *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)).

Here, Brittingham received proper notice to vacate, and he tacitly concedes that he remains in possession of the property by appealing the county court's judgment granting possession to Freddie Mac. The substitute trustee's deed further shows that Freddie Mac acquired the property through a foreclosure

8

sale, terminating Brittingham's right to possession of the property. *See Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993) (noting that a fact may be proved by circumstantial evidence when the fact may be fairly and reasonably inferred from other facts proved in the case). Additionally, Freddie Mac provided sufficient evidence to establish Brittingham's status as a tenant at sufferance and its right to immediate possession by submitting to the county court the deed of trust, the substitute trustee's deed showing that Freddie Mac acquired the property at a foreclosure sale, and the business records affidavit containing the notice to vacate. *See Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (holding that a deed of trust, substitute trustee's deed, and notices to defendant to vacate were sufficient to establish plaintiff's right to immediate possession); *see also Stephens v. Federal Home Loan Mortg. Corp.*, No. 02-10-00251-CV, 2011 WL 1532384, at *2 (Tex. App.—Fort Worth Apr. 21, 2011, no pet.) (mem. op.) (holding that the notice to vacate informed Stephens of her status as a tenant at sufferance and required her to vacate and that the deed of trust evidenced her status as a tenant at sufferance when she failed to vacate the property after Fannie Mae purchased it). Because there is more than a scintilla of evidence that Brittingham refused to vacate the property after notice was sent, we hold that the evidence in the record was legally sufficient to establish the required elements in a forcible detainer action. *See Gragg*, 151 S.W.3d at 552. We overrule Brittingham's first issue.

### D. Exclusion of Evidence Pertaining to Title

In his third issue, Brittingham argues that the trial court erred by preventing him from presenting evidence of his superior right to title to the property, claiming that title was a central issue in determining who had an immediate right to possession of the property. Freddie Mac contends that the excluded evidence involving title is not relevant to any issue in this forcible detainer action. We agree with Freddie Mac.

On appeal, we review a trial court's evidentiary decisions under an abuse of discretion standard. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620. A trial court also abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court's decision must be upheld when it can be sustained upon any legal theory supported by the evidence. *Oak Hills Props. v. Saga Rests., Inc.*, 940 S.W.2d 243, 245 (Tex. App.—San Antonio 1997, no writ).

The sole issue in a forcible detainer action is the right to actual possession, and the merits of title shall not be adjudicated. Tex. R. Civ. P. 746. Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action. *Shutter*, 318 S.W.3d at 471; *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) ("Whether a sale of property under a deed of trust is invalid may not be determined in a forcible detainer but must be brought in a separate suit."). A forcible detainer action is cumulative, not exclusive, of other remedies that a party may have; thus, the party may pursue both a forcible detainer action in justice court and a suit to quiet title in district court. *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936). There may exist, however, a question of title so intertwined with the issue of possession as to preclude adjudication of the right to possession without first determining title. *Terra XXI, Ltd. v. AG Acceptance Corp.*, 280 S.W.3d 414, 417 (Tex. App.—Amarillo 2008, pet. denied). In such a case, neither the justice court nor the county court on appeal has jurisdiction. *Id.*

At the county court, Brittingham attempted to introduce testimony regarding an alleged dispute in title. Freddie Mac objected, and the court sustained it. As a result, Brittingham asked to make an offer of proof on the issue of title. The court allowed Brittingham to make a brief statement of his testimony, but when it became apparent that it involved issues of title and the foreclosure, the court refused to hear any further testimony on it. Brittingham's

11

attempt to introduce evidence regarding title and defects in the foreclosure process is beyond the scope of this forcible detainer proceeding.  *See Shutter*, 318 S.W.3d at 471; *Williams*, 315 S.W.3d at 927.  Moreover, the record contains evidence—the deed of trust, the substitute trustee's deed, and the business records affidavit—which establishes Freddie Mac's right to immediate possession.  *See Shutter*, 318 S.W.3d at 471.  Thus, the evidence allowed the county court to determine possession.  *See Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (holding that deed of trust, substitute trustee's deed, and notice to vacate provided evidence that the county court could use to determine possession); *see also Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App.—Dallas 2011, pet. denied) (holding that immediate possession of property did not depend solely on title because provision in deed of trust created a landlord-tenant relationship, providing an independent basis for trial court to determine immediate possession).  For these reasons, we hold that the county court did not abuse its discretion by excluding evidence pertaining to title.  *See Morris*, 360 S.W.3d at 35.  We therefore overrule Brittingham's third issue.

## IV. Conclusion

Having overruled all three of Brittingham's issues, we affirm the county court's judgment.

BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DELIVERED:  August 22, 2013